GEORGE JACKSON, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. The rule derived from common law authorities is that in criminal cases the character of the punishment determines the power of the jury to render a privy verdict, or, what is the same thing, a verdict in the absence of the accused.    The circumstance that takes away such power is that the case is one involving life or member.

2. Assault with intent to commit murder was only a misdemeanor at common law, and retains that character in the statute, and is punishable as at common law by fine and imprisonment.

3. In this state, in all criminal cases except capital cases, a verdict taken without the presence of the accused is not irregular.

4. The jury, after it retired to consider its verdict, returned into court

and made request for further instructions on a point material to the case. The court thereupon informed the jury that the court had already charged fully on that subject, and declined to charge further. The charge did not appear in the case, nor were there any exceptions to it on the record. *Held*, that the refusal of further instructions was not erroneous.

On writ of error to the Passaic Court of Quarter Sessions.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in error, *John W. Griggs*.

For the state, *Wm. B. Gourley* (prosecutor of the pleas).

The opinion of the court was delivered by

DEPUE, J. The plaintiff in error was convicted, before the Passaic Quarter Sessions, upon an indictment for an assault with intent to kill and murder. On being charged on the indictment, the defendant was admitted to bail for his appearance for trial. He was present at the trial, and appeared by counsel, and was also present when judgment was pronounced.

The errors assigned upon the record are, first, that the verdict was rendered in the absence of the accused and his counsel. The judges of the court certified, in the return to the writ of *certiorari*, that the judges do not remember whether the accused or his counsel was present when the verdict was rendered, and that they took no means to have the accused or his counsel present when the verdict was rendered, other than " by keeping the court open so that they both might have been present when said verdict was rendered if they had chosen to be." The accused was still out on bail when the verdict was rendered. The condition of the recognizance of bail was that he should appear before the court from day to day, and not depart the court without leave. The absence of the accused at that juncture was a breach of the condition of his recognizance, and he might have been called and a forfeiture entered.

Jackson v. State.

At common law, in felony or treason, the verdict must be given in open court, and no privy verdict could be given (2 *Hale* 300); or, as was said by Sir Edward Coke, in criminal cases of life or member the jury can give no privy verdict, but they must give it openly in court. *Co. Litt.* 227 *b. Rex v. Ladsingham, T. Raym.* 193, is the leading case on the subject. The objection in that case was that to give a privy verdict in any criminal case was contrary to *Co. Litt.* 227 *b.* To this the court answered: " It is intended that no privy verdict can be given in criminal cases which concern life, as felony, because the jury are commanded to look upon the prisoner when they give their verdict, and so the prisoner is to be there present at the same time." Mr. Chitty states the rule to be that in all cases of felony and treason the verdict must be delivered in the presence of the defendant in open court, and cannot be privily given or promulgated in his absence; and in all cases where the jury are commanded to " look on him," as in larceny and accusations subjecting him to any species of mutilation or loss of limb, the same rule applies. But in trials for inferior misdemeanors a privy verdict may be given, and there is no occasion for the presence of the defendant. 1 *Chitty Cr. Law* 636. At common law larceny was felony, and if the property feloniously stolen exceeded twelve pence in value the punishment was death. 4 *Bl. Com.* 237. The rule derived from the common law authorities is that in criminal cases the character of the punishment determines the power of the jury to render a privy verdict, or, what is the same thing, a verdict in the absence of the defendant, and the circumstance that takes away such power is that the case is one involving life or member. *Co. Litt.* 227 *b*; 4 *Hawk. P. C.* 489; 4 *Bl. Com.* 360; 10 *Bac. Abr.* 308, *tit. " Verdict," B.*

An assault with intent to commit murder was not, at common law, a felony. In the earliest ages of our law (says Mr. East) it seems to have been considered that the bare attempt to commit murder was felony, but that idea was soon exploded, though the attempt is punishable as a high misdemeanor at common law. 1 *East P. C.* 411; *Bacon's Case,*

1 *Lev.* 146 ; *Commonwealth* v. *Barlow,* 4 *Mass.* 439 ; 2 *Bish. Cr. Law,* §§ 56, 743 ; 2 *Whart. Cr. Law,* § 1287.

The criminal code of this state wholly ignores the distinction between felonies and misdemeanors. Statutory offences, if designated at all, are called in the Crimes act either misdemeanors or high misdemeanors. *Rev., p.* 226. Assault with an intent to commit murder—the offence of which the accused was convicted—is styled a misdemeanor, punishable by imprisonment at hard labor not exceeding ten years, or by a fine not exceeding $1000, or both. *Rev., p.* 241, § 78. The offence was a misdemeanor at common law, and retains that character in the statute, and is punishable, as at common law, by fine and imprisonment. It is such an offence as neither in species nor in the character of the punishment, required the presence of the accused when the verdict was rendered, as essential to the legality of the verdict.

Independent of these considerations, by a long course of procedure, the practice has become settled in this state to receive the verdict of the jury in all criminal cases, except capital cases, without the presence of the accused. Such a power in the court is essential to the due administration of justice, especially where the accused is out on bail. By the constitution of this state the accused, before conviction, is entitled to be admitted to bail in all cases except for capital offences when the proof is evident or the presumption great, and excessive bail is interdicted. *Const., art. I., pp.* 10–15. If the verdict of guilty, taken in the absence of the defendant, was held to be erroneous, it would practically be in the power of an accused out on bail to evade the just punishment of his crime, and commute by the payment of the sum for which he was bailed. In this case the sentence was to imprisonment in the state prison for one year and a fine of $1000, besides cost of prosecution. The accused was out on bail in the sum of $200. The observations of the learned judge who delivered the opinion of the court in *Lynch* v. *Commonwealth,* 88 *Penna. St.* 189, in which a conviction for larceny, on the verdict of a jury taken in the absence of the defendant, who was

out on bail, was sustained, are quite apposite to this condition of affairs.

Second. The jury, after it retired to consider its verdict, returned and made request for "further instructions in regard to the intention of the defendant in firing the gun at John Schanz." The court thereupon informed the jury "that the court had already charged fully upon that subject, and declined to charge anything further than they had already charged."

In answer to the *certiorari* in this case the judges certify that they do not remember whether the accused or his counsel was present when the jury came in, but they certify that when the charge was given to the jury, before the jury retired to consider of their verdict, the accused and his counsel were present, and took no exceptions to the charge. The charge does not appear in the case, nor do any exceptions to it appear on the record. For aught that appears there, the charge was so full and explicit as to render further instructions superfluous. Under such circumstances the court was not required to give the jury further instructions.

We find no error on the record, and the judgment should be affirmed.