No. 10,096.

THE STATE OF LOUISIANA vs. JOSHUA PERKINS.

The Supreme Court has no concern with the evidence adduced before the jury touching the innocence or guilt of the accused. It deals with questions of law only, when presented in proper shape.

A verdict may be legally rendered, received and recorded, where the accused voluntarily leaves the court room and fails to appear after the sheriff's proclamation to come and hear the verdict about to be rendered. He cannot be permitted to take advantage of his own wrong to defeat the ends of justice.

State vs. Perkins.

An accused cannot be allowed, in a motion for a new trial, to urge surprise at the reception of certain testimony during the trial, when he, at the time, sought for no relief. His omission implies a waiver of what right he may have had on that score.

The absence of a witness affords no ground for a continuance or new trial, when it appears that the testimony would be hearsay, and, if admitted, would have been merely contradictory in part, with a tendency to impeach the credibility of witnesses on the trial.

APPEAL from the Fourteenth District Court, Parish of· Calcasieu· Read, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Geo. H. Wells & Son* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a conviction of larceny and sentence upon it.

He complains :

1. That his application for a continuance owing to the absence of a material witness was illegally overruled, and

2. That his motion for a new trial, based on several grounds, should have been sustained.

It is useless to consider presently the bill to the refusal of the trial judge to continue the case, as that refusal is made one of the grounds upon which the motion for a new trial rests.

Those grounds will be considered and disposed of *seriatim*.

They are the following :

1. That the verdict of the jury is contrary to the law and evidence.

We have repeatedly held that we have no concern with the sufficiency or insufficiency of the evidence adduced to show the guilt or innocence of the accused, and have authority to pass upon questions of law only arising in the course of the proceedings and presented in proper form for consideration.

2. That the verdict was rendered, received and recorded during the absence of the defendant from court and without his consent or request.

It appears that the accused, who was in the custody of his sureties, absented himself from the court house, and that, though he was several times called by the sheriff by proclamation at the court house door, he failed to come and hear the verdict, as required by the proclamation. The fact is that the accused has actually absconded, though he subsequently returned and was present when sentenced.

The accused cannot be permitted to take advantage of his own wrong to defeat the course of criminal justice.

It has accordingly been well held, that a cause may proceed to verdict where the prisoner who was on bail, left the court room and went away. Bishop Cr. Prac., vol. 1, § 272.

It has again been held, that if the trial is once commenced and the prisoner, of his own wrong, leave the court, abandons his case to the management of his counsel and runs away, the proceedings will not be stayed and the verdict may be legally received. Wharton's P. P., § 549.

3. That defendant was taken by surprise by the testimony of certain named witnesses.

There is nothing to show that the accused pleaded surprise at the reception of the testimony. His omission to have done so implies a waiver of what right he may have had on that ground.

He sought for no relief; none was declined, and no bill was or could be taken.

The complaint on that score comes too late, on a motion for a new trial.

4. That if defendant could have had the benefit of the presence of his absent witness, named Ashworth, he would have established facts which would probably have changed the result of the trial.

The district judge, who heard all the testimony adduced and who considered the lengthy *affidavit* of the accused, says that the evidence of that witness, if admitted, would certainly have been merely contradictory in part, with a tendency to impeach the credibility of witnesses heard on the trial.

A reference to that *affidavit* confirms that conclusion, as it is apparent that the object in view was to establish what one witness, at least, had declared, to the absent witness, a declaration which, after all, might have amounted to hearsay only, and would have been excluded.

It is somewhat strange that the *affidavit* on which such reliance is placed for a continuance appears to have been made the day preceding that on which the motion was called, and that it refers to the absence of the witness, although made at the calling of the case.

The accused presents no case for relief.

Judgment affirmed.