## THE STATE v. McCLAIN, Appellant.

### Division Two, May 8, 1900.

1. **Judgment and Sentence: ABSENCE OF DEFENDANT.** Under Revised Statutes 1889, section 4237, requiring one on trial for a felony to be personally present at the rendition of judgment, where the record did not show defendant's presence, the proceedings of rendering judgment and passing sentence were *coram non judice.*

2. ———: ———: **EFFECT OF REVERSAL OF JUDGMENT.** A reversal on the ground of defendant's absence when judgment was rendered against him only affects the judgment and sentence, and leaves the verdict and all precedent proceedings in full force and effect.

Appeal from Vernon Circuit Court.—*Hon. D. P. Stratton,* Judge.

AFFIRMED.

*J. B. Cole, Levi Scott* and *Geo. T. Edmisson* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, and *Edwin L. Moore,* for the State.

(1)  The instructions given by the trial court when this case was tried before a jury, and previous to its former appeal to this court, are omitted from this brief because the only questions that are now to be considered are relative to the authority of the trial court to enter judgment and sentence in a proper form according to the directions of this court. The motions for a new trial and in arrest of judgment, made previous to the first appeal to this court, are also omitted because their sufficiency and the ruling of the trial court upon them have been adjudicated.  Where a case has been decided in the Supreme Court and again is brought before it on appeal, only such questions will be determined as were not deter-

mined in the previous decisions. All others will be deemed *res adjudicata*. Overall v. Ellis, 38 Mo. 209. (2) The circuit court of Vernon county had the power, authority and jurisdiction to render the judgment and sentence as it did, because, there had been no legal judgment entered upon the verdict of the jury before it was appealed to this court a short time ago. And it did the act in conformity with the directions of this court. State v. Watson, 95 Mo. 411; State v. Schierhoff, 130 Mo. 50. (3) The judgment against the defendant in this case has never been reversed by this or any other court. But, on the other hand, it has been affirmed, and the trial court recommended to properly enter it up and sentence defendant. Defendant is not under the law nor under the rulings of this court entitled to a new trial. State v. Williams, 11 Mo. App. 600. (4) The action of the court in entering judgment and passing sentence according to the direction of the Supreme Court will not deprive defendant of any right or liberty except according to law; he has had his appeal and the court found against him. So far as the evidence was concerned, the verdict of the jury, the instructions and the entire trial of the case, he has been properly found guilty. Now he questions the right of the court to sentence him and enter up final judgment against him in a proper manner. The law will not bear him out in the position. Laffoon v. Fretwell, 24 Mo. App. 258; Hombs v. Corbin, 34 Mo. App. 397; Gwin v. Waggoner, 116 Mo. 151; Rousey v. Wood, 63 Mo. App. 469.

SHERWOOD, J.—This case has been here before, 137 Mo. 307. It is a prosecution for defiling a female under the age of 18. Owing to the failure of the trial court to have defendant present at the time judgment was rendered on the verdict or what is tantamount thereto, to have the record affirmatively show that fact, the judgment was reversed and the cause remanded in order that defendant might be present when

judgment should be rendered and sentence passed upon him. This has been done by the lower court in conformity with our mandate, and defendant appeals.

This reversal, however, only had its effect on the judgment and sentence; it left the verdict and all precedent proceedings in full force and effect in law. [McCue v. Com., 78 Pa. St. 185 and cases cited; 1 Bishop's New Crim. Proc., sec. 1271; State v. Shea, 95 Mo. loc. cit. 95.]

Under the provisions of section 4237, Revised Statutes 1889, the prisoner was required to be personally present at the rendition of judgment.

But aside from statutory provisions upon the principles of the common law, the defendant being absent, the trial court had no jurisdiction over his person, and consequently the proceedings of rendering judgment and passing sentence, were *coram non judice.*

The physical presence of the prisoner is the indubitable prerequisite of jurisdiction; and without such presence, jurisdiction to render judgment and pass sentence does not exist.

On this point a writer of acknowledged authority observes: "In cases of felony, where the prisoner's life or liberty is in peril, he has the right to be present, and must be present, during the whole of the trial, and until the final judgment. If he be absent, either in prison or by escape, there is a want of jurisdiction over the person, and the court can not proceed with the trial, or receive the verdict, or pronounce the final judgment." Cooley Const. Lim. (6 Ed.), 388.

These views result in affirming the judgment. All concur.