# CHARLESTON

## STATE v. DOLAN.

Submitted June 14, 1905.    Decided November 7, 1905.

1. CRIMINAL LAW—*Rendition of Judgment.*
    It is error to render judgment of imprisonment in any case in the absence of the defendant. (p. 265.)

2. INDICTMENT.
    An indictment under a statute must state all the circumstances which constitute the definition of the offense in the statute so as to bring the defendant precisely within it. (p. 266.)

3. CRIMINAL LAW—*Appeal—Motion in Arrest of Judgment.*
    Anything which is good cause for arresting a judgment is good cause for reversing it, though no motion in arrest is made. (p. 266.)

4. CRIMINAL LAW—*Appeal—Reversal.*
    Although no demurrer was interposed, or motion in arrest of judgment made, if the indictment is so defective that it could not be properly prosecuted a judgment thereon will be reversed. (p. 266.)

Error to Circuit Court, Tyler County.

James F. Dolan was convicted of violation of the liquor law, and brings error.

*Reversed.*

JOHN A. HOWARD, MATHENY & SMITH, V. B. ARCHER, and F. L. BLACKMARR, for plaintiff in error.

The ATTORNEY GENERAL, for the State.

McWHORTER, JUDGE:

At the April term, 1895, of the circuit court of Tyler county three indictments were returned by the grand jury against James F. Dolan, numbered 1, 2 and 3 respectively, for misdemeanor, charging that "James F. Dolan, on the ————— day of September, 1894, in the county of Tyler aforesaid, and within one year next preceding the finding of this indictment, did unlawfully keep and maintain a common and public nuisance, by then and there knowingly permitting intoxicating liquors to be vended and sold contrary to law in a certain building known as the 'Arlington Hotel,' situate in the county of Tyler as aforesaid, and then and there the property of the said Jas. F. Dolan, against the peace and dignity of the State." This is indictment No. 1, and the other indictments were the same except the date therein alleged. No. 2 alleging "The ————— day of January, 1895," and No. 3, "The ————— day of February, 1895." On the 15th day of August, at the August term of said court when the first case was called "The defendant, by his attorney, pleaded not guilty." To which the prosecuting attorney replied generally. A jury was empaneled and sworn and having heard the evidence returned a verdict finding the defendant guilty as charged in the indictment. The court assessed the fine against the defendant upon the verdict of the jury at $100.00 and gave judgment accordingly and also a judgment that the defendant be imprisoned in the county jail of Tyler county for the term of thirty days, and on the same day, August 15, 1895, on Nos. 2 and 3 the defendant, by his attorney pleaded guilty in each of said causes "Whereupon the court proceeding to render judgment against the defendant in each of said causes, upon his said confession, doth ascertain and fix the fine at one hundred dollars in each of said causes.

Therefore it is considered by the court that the State of West Virginia recover against the defendant one hundred dollars' fine in each of said causes, assessed and fixed as aforesaid, and her costs of prosecution by her in each of said

causes expended. And it is further considered by the court, and accordingly ordered, that the defendant, James F. Dolan, be imprisoned in the county jail of this county for the term of thirty days; and it is ordered that the terms of imprisonment imposed on the defendant, James F. Dolan, by this and the preceding judgment shall be inflicted upon him in regular succession according to the number of indictments upon which said judgment were rendered. And it is further considered by the court that the certain building mentioned in the indictments known as the Arlington Hotel, situate in the county of Tyler in the town of Sistersville, be abated and closed up as a place for the sale of spirituous liquors contrary to law; and the sheriff of said county taking a copy of this order shall abate and close up said building in pursuance of this judgment as a place for the unlawful sale of such liquors, and keep the same so closed for such purpose." This is all that appears from the record in the case. The defendant presented his petition to one of the judges of this Court praying for a writ of error and *supersedeas* to the said two judgments rendered on the 15th day of August, 1895, which were awarded. The defendant says the court erred in its judgment directing the imprisonment of defendant for a term of thirty days. It is also contended that the indictments and each of them are bad for uncertainty. No brief has been filed on behalf of the State in this case. In *State* v. *Campbell*, 42 W. Va. 246, (24 S. E. 875), syl. pt. 4, it is held: "A defendant may appear by counsel in any misdemeanor case, although it be punishable by imprisonment, but in no case can there be judgment of imprisonment without having the defendant present at its rendition." The authorities are uniform that judgment of imprisonment cannot be rendered in the absence of the defendant. *The King* v. *Harrison and Duke*, 12 Modern Reports, 157; *Com.* v. *Crump*, 1 Va. Cases 172, 175; 1 Chitty's Criminal Law, 695, and cases cited in note *b.; The People* v. *Taylor*, 3 Denio (N. Y.) 91, 98; *The People* v. *Winchell*, 7 Cowen, 525; see note *b.* at the end of the case. In the last case cited it is said "Sentence of the slightest corporal punishment cannot be given in *absentia.*" *Son* v. *The People*, 12 Wend. 344; *Tracy's Case*, 25 Vt. 93; *Rex* v. *Harris*, 1 Raymond 267.

It is contended by plaintiff in error that the indictments

are wholly insufficient in that no offense is charged therein; that it is not sufficient to allege that the defendant kept and maintained a common public nuisance by "Then and there knowingly permitting intoxicating liquors to be vended and sold contrary to law." The indictments fail to allege in what respect the sale was contrary to law. This kind of indictment has been held insufficient in *State* v. *Brewing Co.*, 53 W. Va. 591, (45 S. E. 924), where the sufficiency of an indictment similar to the ones at bar is discussed; see also *Cohen* v. *King Knob Club*, 46 S. E. 789, (55 W. Va. 108). "An indictment on a statute must state all the circumstances which constitute the definition of the offense in the acts so as to bring the defendant precisely within it." *Hampton's Case*, 3 Grat. 56; *State* v. *Whitter*, 18 W. Va. 306; *Glass' Case*, 33 Grat. 827; *Youngs' Case*, 15 Grat. 664. In *Mathews' Case*, 18 Grat. 989, (syl. pt. 3), it is held: "Anything which is good cause for arresting a judgment is good cause for reversing it, though no motion in arrest is made." This proposition was approved in *Randell's Case*, 24 Grat. 646, and in *Lemon's Case*, 4 W. Va. 755, 757, also in *State* v. *Miller*, 6 W. Va. 600, and in *State* v. *McClung*, 35 W. Va. 280, 286. Although there was no demurrer or motion in arrest of judgment, the indictments being fatally defective either a demurrer or motion in arrest of judgment must have been sustained, if interposed, besides the judgments being illegal must be reversed and the indictments quashed.

*Reversed.*


BRANNON, PRESIDENT, (*dissenting*) :

JUDGE SANDERS and I dissent for the reason that to two indictments the defendant pleaded guilty, and as to the third took no exception to the indictment by demurrer or motion in arrest of judgment. We grant that on demurrer the indictments would be .bad, but only in a. matter of specification They charge substantially an offense, only lacking in specifying the kind of sale, whether on Sunday, to an infant, to one intoxicated, or otherwise. It is going far to say that one confessing himself guilty under such an indictment should be let off. He waived such defect. We are unwill-

ing to cast aside the confession on two indictments and the verdict on the other. We are willing to reverse the judgment, but not willing to quash the indictments. We would reverse the judgment and remand the causes to the circuit court, with direction to award writs of *capius ad audiendum judicium*, and proceed to render such judgments upon the confessions and verdict as the court may see proper. If a defendant is not in court when sentence of jail is made, what writ is there to hunt him and put him in jail? I do not know any. *State* v. *Campbell*, 42 W. Va. 247, says that no imprisonment can be imposed until he is brought into court under a *capias* to hear judgment.