# Wells *v*. The State.

## *Disturbing Religious Worship.*

(Decided June 6, 1906.   41 So. Rep. 630.)

1. *Criminal Law; Verdict; Rendition; Presence of Accused.*—It is essential to the validity of a verdict in all criminal cases that it be rendered in open court, and in the presence of the accused.

2. *Same; Felonies; Records.*—The record must affirmatively show the personel presence of accused when the verdict is rendered, in all cases of felony.

3. *Same; Reception of Verdict; Recess.*—It is error to permit the clerk of the court to receive the verdict of the jury during the recess of the court, in a felony case, in the absence of accused, even with the consent of his counsel.

4. *Same; Acquittal.*—In a misdemeanor or felony case, where the verdict is received and the jury discharged in the absence of accused, such proceedings operated as an acquittal of the accused, and cannot be cured by reassembling the jury, after they have dispersed.

5. *Same; Waiver; Misdemeanors.*—The right to be present when the verdict is rendered, in a misdemeanor case, may be waived by the accused.

APPEAL from Madison County Court.

Heard before Hon. W. T. Lawler.

The defendant was indicted at the February term, 1905, of the Madison Circuit court for disturbing an an assemblage of people met for a religious worship. The case was returnable to the county court of said Madison county and was tried. The facts are sufficiently stated, and it is admitted that these are the facts, in the following motion made by defendant: "Comes the defendant, John Wells, and moves the court to discharge him from custody for the following reasons: On August 5, 1905, after that a jury had been impaneled and sworn and accepted by both the state and the defendant, and after that the indictment had been read to the jury and the defendant had pleaded not guilty, and after that the evidence

had been taken in the cause, attorneys had made their arguments, and the court had charged the jury and directed that they retire to deliberate upon the verdict, the hour of 12:30 having arrived, the court recessed until 2 o'clock. In the meantime the defendant and other persons who were in the courtroom who desired to do so had left the courtroom to get their dinners. The jury came into the courtroom with a verdict, which they sealed in an envelope and handed to the judge, which was by him handed to the clerk. When the verdict was handed to the judge, he instructed the jury not to make known the contents of the verdict, and told them to go to their dinners, and report back at 2 p. m. In a half hour after this the judge handed the verdict to the clerk. The defendant objected and excepted to this conduct of the court. The jury then dispersed. Various ones went to their dinners separately and mingled with the people generally. After court was convened at the hour of 2 o'clock the defendant moved the court by his attorney to discharge him on the ground that he had been acquitted; the jury having been allowed to separate without having returned a verdict into court in his presence." The defendant had not consented for the jury to be discharged in his absence. The court overruled defendant's motion to discharge him, and he duly excepted. After this motion was made, at the suggestion of the solicitor, the court called the jury from the audience, as they were not then sitting in the jury box, but were sitting promiscuously with the audience in the courtroom before him, and caused the clerk to take the verdict which had been handed to him quite a while before that and read in their presence. The jury said that that was their verdict, and each one of them said he had not talked about the verdict that had been rendered before any one. The defendant objected to this examination of the jury, and the court overruled his objections and permitted the solicitor to prove by the jurors that they had not talked about the verdict that had been rendered. The defendant moved to exclude the evidence of the jurors that they had not talked about the verdict, and the court overruled the motion, and the de-

fendant excepted. John Hertzler, one of the jurors testified that the verdict had been agreed upon before they had separated. The defendant objected to this and moved to exclude it.

D. A. GRAYSON and C. A. GRAYSON, for appellant.— The unauthorized discharge of the jury before the verdict was received entitles the defendant to his discharge.— *Ned v. State,* 7 Port. 187; *Hayes v. State,* 107 Ala. 1; 4 Blacks. Com. 360; 17 A. & E. Ency of Law, p. 1251. Under the evidence, the defendant was entitled to the affirmative charge.—*Adair v. State,* 32 So. Rep. 326. The court erred in calling the jury together and having the verdict read over the defendant's objection.—*Cook v. State,* 60 Ala. 39. On the same authority, the court erred in permitting proof by the jurors as to how and when their verdict was made.

MASSEY WILSON, Attorney-General, for State.—No brief came to the reporter.

ANDERSON, J.—In all criminal cases the verdict of the jury must be rendered in open court and in the presence of the accused. In cases of felony the prisoner must be personally present when the jury return their verdict, and to support a conviction the record must affirmatively declare his presence.—*Hughes' case,* 2 Ala. 102, 36 Am. Dec. 411; *Eliza's Case,* 39 Ala. 693; *Waller's Case,* 40 Ala. 326. And in a case of felony it is error to allow the verdict to be received by the clerk during a recess of the court in the absence of the prisoner, even though this be done with the consent of his counsel.— *Waller's Case, supra.* It would seem that when the verdict has been received in the absence of the defendant, and the jury is discharged, it is the equivalent of an acquittal.—*Hayes v. State,* 107 Ala. 1, 18 South. 172; *Ned v. State,* 7 Port. 187; *Cook v. State,* 60 Ala. 39, 31 Am. Rep. 31. The action of the court in reconvening the jury after the defendant appeared in court and after they had dispersed, but before having the verdict read, did not cure the error.

The foregoing rule relates to the trials of misdemeanors, as well as felonies, except the defendant may waive the right to be present when the verdict is returned and other formalities connected with the return and reception thereof in misdemeanor cases.—*Brown v. State*. 63 Ala. 97. But in the case at bar the record affirmatively shows that the defendant did not consent to an informal return and reception of the verdict, and as the verdict was illegally received, it operated as a discharge of the defendant. The judgment of the county court is reversed and one is here rendered discharging the defendant.

: Reversed and rendered.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.