STATE v. TILDEN CHERRY, J. M. RUFFIN, AND WALTER GILLAM.

(Filed 1 March, 1911.)

**1. Trials—Right of Accused.**

In every criminal prosecution the defendant has the constitutional right to be informed of the accusation against him and to confront his accusers and their witnesses.

**2. Same—Absence—Waiver.**

In felonies less than capital and in misdemeanors the defendant has the right to be present at the trial; but this right may be voluntarily waived by him, the limitation being that in the case of felonies this waiver may not be made by his counsel unless he expressly authorizes them so to do.

### 3. Same.

When the defendant is tried for a felony less than a capital one, and voluntarily absents himself, and especially when he has fled the court, his conduct may be construed as a waiver, wherein his presence is not essential to a valid trial and conviction.

### 4. Same—Corporal Punishment—Sentence.

When the accused is sentenced by the court to work on the roads, it involves and includes corporal punishment, and in such instances it is essential for him to be present for the sentence to be valid.

### 5. Same—Sentence Invalid—Procedure.

When a valid trial of the accused has been had in his absence, he having waived his right to be present at the trial by having fled the court, and a sentence has been erroneously passed on him in his absence, the judgment of the trial court will be set aside and the cause remanded with direction that a lawful sentence be imposed; the defendant being in custody of the court pending the appeal, and the appeal being regularly presented. The case of *S. v. Keebler*, 145 N. C., 560, cited and distinguished.

APPEAL from *Ferguson, J.,* at September Term, 1910, of BERTIE.

The case on appeal states the facts as follows: "This was an indictment for larceny, tried before his Honor, *Garland S. Ferguson,* and a jury, at Bertie Superior Court, September Term, 1910. The only point involved in this appeal is the exception to the judgment of the court, who sentenced the defendants Tilden Cherry and J. M. Ruffin to the roads for twelve months in their absence from the court. The defendants Cherry and Ruffin were under bond for their appearance at the term and attended the trial until the argument commenced. The court adjourned for the day. At the morning session of the court, the next day, it was reported to the court that the defendants Cherry and Ruffin were not in court and had fled the county. The court found as a fact that the defendants voluntarily absented themselves, and proceeded with the trial, and counsel for these defendants addressed the jury, knowing that they were absent. The jury, in the absence of the two defendants, returned a verdict of guilty. Counsel for said defendants did not object to the rendering of the verdict in the ab-

154—40

sence of their clients. The court then, in the absence of defendants, had them called out and a judgment *nisi* entered and their bonds forfeited, and ordered a *capias* to issue and also sentenced them to a term of twelve months on the roads. Counsel for the defendants did not object to the judgment and sentence. The two defendants Cherry and Ruffin were, after the adjournment of the court, apprehended and put to hard labor on the roads.

"From this judgment and sentence in their absence the defendants Cherry and Ruffin appeal to the Supreme Court."

*Attorney-General and George L. Jones for the State.*
*Winston & Matthews for defendants.*

HOKE, J. It is the law of this State, a principle having prominent place in our Declaration of Rights, that in every criminal prosecution the defendant has the right to be informed of the accusation against him and to confront his accusers and their witnesses. Applying the principle, this Court has held in several cases that in capital trials this right to be present in the court below cannot be waived, but that the presence of the prisoner is essential at all stages of the trial. In felonies less than capital and in misdemeanors the same right to be present exists, but may be voluntarily waived by the accused, a limitation being that in the case of felonies certainly this waiver may not be made by counsel unless expressly authorized thereto. *S. v. Jenkins,* 84 N. C., 812. The decisions are also to the effect that when the accused voluntarily absents himself, and more especially when he has fled the court, such conduct may be considered and construed as a waiver, and in that event the presence of the accused is not regarded as essential to a valid trial and conviction. *S. v. Pierce,* 123 N. C., 745; *S. v. Kelly,* 97 N. C., 404; *S. v. Paylor,* 89 N. C., 540; Clark's Criminal Procedure, p. 423.

Speaking to this question in *Kelly's case, supra,* Merrimon, J., delivering the opinion of the Court, said: "While it is settled in this State that the prisoner has the right to be so present during his trial upon a charge for a felonious offense not

capital, there is neither principle nor statute nor judicial prece-
dent that makes it essential that he shall be. Nor in our judg-
ment is there any common principle of justice essential to the
security of personal right, safety, or liberty that so requires."
And further in the same opinion: "A party charged with a
felony less than capital has the right to give bail and be at
large unless at the trial the court shall order him into close
custody. In such case, if defendant flee, pending the trial, the
court is not bound to stop the trial and discharge the jury and
then give the defendant a new trial. To do so would compro-
mise the dignity of the court, trifle with the administration of
justice, and encourage guilty parties to escape, etc." While
our decisions have established that in case of waiver the pres-
ence of the accused is not necessary to a valid trial and convic-
tion, all of the authorities here and elsewhere, so far as we
have examined, are to the effect that when a sentence, either in
felonies less than capital or in misdemeanors, involves and in-
cludes corporal punishment, the presence of the accused is
essential. Thus, in *S. v. Paylor, supra, Ashe, J.,* delivering
the opinion, said: "But where the punishment is corporal the
prisoner must be present, as was held in *Rex v. Duke,* Holt,
399, where the prisoner was convicted of perjury, *Holt, C. J.,*
saying: 'Judgment cannot be given against any man in his
absence for corporal punishment; he must be present when it
is done.'" On authority, therefore, while the trial and con-
viction of these defendants may very well be sustained, their
sentence when absent, involving as it does their corporal pun-
ishment, must be declared invalid. *S. v. Dolan,* 58 W. Va.,
263, with a learned note in 6 A. and E. Cases, 450.

This conclusion, however, does not require that the entire
proceedings should be disregarded and a new trial ordered. In
this and similar cases the accepted ruling is that the judgment
be set aside and the cause remanded with directions that a law-
ful sentence be imposed. *S. v. Black,* 150 N. C., 866; *S. v.
Lawrence,* 81 N. C., 522; *Cole v. State,* 10 Ark., 318; *Kelly v.
State,* 11 Miss., 518.

It may be well to note that the disposition we make of this

appeal in no way trenches upon the principle prevailing with us, that when "pending an appeal a convicted defendant breaks jail and flees the jurisdiction of the court, such conduct may be construed and considered an abandonment of his appeal." *S. v. Keebler,* 145 N. C., 650. In this case appellants are both in custody and their appeal is being regularly prosecuted.

For the reasons heretofore given, the judgment will be set aside and the cause remanded, to the end that sentence be lawfully imposed.

Error.