## THE STATE v. C. O. DAUGHERTY.

Springfield Court of Appeals, May 10, 1923.

1. **CRIMINAL LAW: Consent to Trial by State.** In a prosecution for selling intoxicating liquor, it was not error to try defendant in his absence, where it appeared that the court refused to postpone the

case and that the prosecuting attorney objected to any postponement; such action constituting a consent to the trial.

2. ———: **Sentence Held Error on Account of Absence of Defendant.** It is error to sentence a defendant for illegaly selling intoxicating liquor when he is not present in court, under the direct provisions of Revised Statutes 1919, section 4055; a term of imprisonment being imposed by the sentence in addition to a fine.

Appeal from the Circuit Court of Phelps County.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*J. J. Crites* and *J. A. Watson* for appellant.

*A. B. Holmes,* Prosecuting Attorney, for, respondent.

FARRINGTON, J.—Defendant was convicted in the circuit court of Phelps County on two counts of an indictment charging him with willfully, unlawfully and knowingly selling to E. E. Paulson, for beverage purposes, certain distilled intoxicating liquor, to-wit, one drink of whiskey, for the price and sum of thirty-five cents. The information charges that said beverage contained more than one-half of one per cent alcohol. The grand jury returned some eight charges of different offenses against this defendant for selling intoxicating liquor, but on direction of the trial judge the jury returned a verdict for defendant on six of the charges and found the defendant guilty on two of said charges.

This is a companion case to State of Missouri v. C. O. Daugherty, tried at the same term of the Phelps County Circuit Court and submitted here on the same date this case was submitted. An opinion was rendered in the other case by Judge BRADLEY covering the same question presented on this appeal, to which we refer in this opinion.

The evidence shows that the defendant was absent at the trial and at the time of sentence in this case. The judgment, however, fails to show that the circuit judge and Prosecuting Attorney consented to try the defendant in his absence. This was shown in the other case,

State v. Daugherty.

which was decided by Judge BRADLEY. We do not think, however, that this was a material defect in the judgment, because the record shows that the court, after hearing the evidence, as to defendant's illness, refused to postpone the case and ordered that the trial proceed. It is also shown that the prosecuting attorney was objecting to any postponement of the case. With this in the record it is clearly shown that the trial judge and prosecuting attorney not only consented to try the defendant in his absence but were insisting that the trial be had in his absence. Section 4055, Revised Statutes 1919, requires that a defendant be present when sentenced to imprisonment. The sentence in this case not only imposed a fine but a term of imprisonment on each count. It, therefore, results that the judgment must be reversed and the cause remanded, with directions to the trial court to bring the defendant into court and sentence him in accordance with the verdict of the jury. *Cox, P. J.*, and *Bradley, J.*, concur.