STATE EX REL. RUBIN SHETSKY, ALSO KNOWN AS
WAYNE SAUNDERS, v. LEO F. UTECHT.[1]

February 21, 1949.

No. 34,839.

---

[1]Reported in 36 N. W. (2d) 126.

*Carl W. Cummins* and *William C. Green,* for appellant.

J. A. A. Burnquist, Attorney General, *Charles E. Houston,* Assistant Attorney General, *Victor J. Michaelson,* Special Assistant Attorney General, and *Michael J. Dillon,* County Attorney, Hennepin County, for respondent.

LORING, CHIEF JUSTICE.

This case comes here on appeal from the discharge of a writ of habeas corpus by the district court. Under M. S. A. 589.30, it is tried in this court *de novo.*

Rubin Shetsky, the relator, was indicted in Hennepin county August 1, 1945, for the murder of Albert Schneider, which occurred July 27, 1945. He was admitted to bail, and the case was tried in the district court for Hennepin county, commencing September 10, 1945. The trial proceeded until September 21, 1945, with the presence of the accused. On that day, the judge recessed the trial until the following Monday morning, September 24, 1945. While the court was in recess over the week end, accused absented himself from the county and the state, and he was not again within the state, so far as the record shows, until he was apprehended in Cali-

fornia in March 1947 and returned to custody here. He was apprehended by the Federal Bureau of Investigation and turned over to the state authorities.

In the meantime, his trial, on September 24, 1945, and thereafter, was recessed from time to time until it became apparent to the court that he would not be immediately apprehended. The trial was then resumed October 15, 1945, in the absence of accused, but with his counsel present and taking part. The jury returned a verdict of guilty of murder in the second degree, which was accepted by the court October 17, 1945. June 6, 1946, while accused was still absent, the court adjudged him guilty of murder in the second degree and sentenced him to the state prison at Stillwater for the term of his natural life.

March 18, 1948, Shetsky petitioned the district court for Washington county for a writ of habeas corpus. His petition was based upon the theory that his absence from the trial and from the state was involuntary and that under fear of his life he had absented himself from the trial and further proceedings. His petition was traversed by respondent. Evidence was taken upon this issue, and the trial court found that his absence was voluntary. When the case came here on appeal, the parties entered into a stipulation that the case be submitted to this court upon the testimony taken in the district court, which—

"shall be received and used by the parties in this proceeding as the testimony in this case, and that said case shall be submitted to the court upon such evidence and all exhibits offered and received, and the petition, return and reply or traverse thereto."

The transcript was stipulated as the testimony taken below, and it was agreed: "That the making of this stipulation is without prejudice to the rights of the appellant or respondent to object to any part of the testimony."

◼ Relator sought to eliminate the use of the testimony taken below upon the theory that the judgment of the trial court, which sentenced him, merely recited that sentence was imposed upon

him while he was absent, and that the question of whether or not that absence was voluntary could not, as against the recital in the judgment, be raised. As we regard the record, respondent was not so precluded by the recital, which does not determine whether the absence was voluntary or involuntary. That question was put in issue by the petition and return. The evidence taken before the district court in the proceeding was properly before us. Since the trial in this court is *de novo*, we must draw our own conclusions from the evidence. We conclude from that evidence that the absence of accused was entirely voluntary, any evidence to the contrary being impeached by his own statements to the member of the staff of the Federal Bureau of Investigation who apprehended him.

Such being the case, the question presented to this court is whether accused, by his voluntary absence, might waive his statutory right to be present at all stages of the trial, including the imposition of the sentence.

■ At common law, the right of an accused to be present at certain stages of the trial was insured to him. In the criminal procedure of early English law, these rights were vital to defendants and were carefully guarded by the court, perhaps, for the reason that capital punishment was imposed by law for what, in these days, would be regarded as comparatively trivial offenses.[2]

In more recent times, the question has arisen as to whether voluntary absence of an accused, who was free on bail, amounted to a waiver of his rights to be present at all stages of the trial. At the present time, the courts of the various states almost unanimously hold that the right to be present subsequent to arraignment and

[2]Rex v. Ladsingham, T. Raym. 193, 2 Keb. 687; 2 Hale P. C. 298-300. Cf. Rex v. Stevenson, 2 Leach C. C. 546; Rex v. Streek, 2 Car. & P. 413; Duke's Case, Holt K. B. 399, 90 Eng. Rep. 1120; Rex v. Harris, Holt K. B. 399, 1 Raymond 267, 90 Eng. Rep. 1119; Reg. v. Williams, 18 Wkly. Rep. 806; Anonymous, Lofft, 400; Rex v. Hann, 3 Burr. 1786; Rex v. Harrison, 12 Mod. 156; Reg. v. Chichester, 8 Eng. L. & Eq. 294. See, Hopt v. People, 110 U. S. 574, 576-577, 4 S. Ct. 202, 203, 28 L. ed. 262, 263-264; Coke on Littleton, 227b; 4 Blackstone, Commentaries, *375, *et seq.*

plea and after the commencement of the trial in his presence and prior to the imposition of sentence may be waived by the voluntary absence of the accused. In this state, while the statutes, M. S. A. 630.01 and 631.01, insure the right of the accused to be present, it was held in State v. Gorman, 113 Minn. 401, 129 N. W. 589, 32 L.R.A. (N.S.) 306, that the voluntary absence of the accused at the time of the return and reception of the verdict was a waiver of his right to be present. In that case, defendant was free on bail, and after the court waited a reasonable time for him to be present the verdict was received in his absence. This court said (113 Minn. 403, 129 N. W. 589):

"Was it error to receive the verdict in the absence of the defendant in view of the exceptional circumstances under which it was received? This is an important question, and one of first impression in this state.

"On a trial for a felony the defendant shall be personally present. R. L. 1905, § 5358. The reception of the verdict in such a case is a material part of the trial to the defendant; for he is entitled, on request, to have the jury polled. Section 5373. *If the defendant be in custody and is not personally present when the verdict is received it is reversible error; for the court, and not he, in such a case commands his jailer.* Where, however, he has been released on bail, he orders his own movements outside of the courtroom. Can he in such a case *wilfully absent and conceal himself,* and then urge that a verdict, received in open court in his absence, after waiting and searching eighteen hours for him after the jury had agreed, is void because he was not present when it was received? This is the precise question presented by the record. We are of the opinion, on principle and authority, that it must be answered in the negative. *The defendant cannot take advantage of his own wilful wrong to defeat the ends of justice, and must be held to have waived, by his misconduct, his right to be present when the verdict was received.* Com. v. McCarthy, 163 Mass. 458, 40 N. E. 766; Frey v. Calhoun, 107 Mich. 130, 64 N. W. 1047; Sahlinger v. Illinois, 102 Ill. 241;

State v. Perkins, 40 La. Ann. 210, 3 South. 647; Stoddard v. State, 132 Wis. 520, 112 N. W. 453, 13 Ann. Cas. 1211; State v. Way, 76 Kan. 928, 93 Pac. 159, 14 L.R.A.(N.S.) 603; Barton v. State, 67 Ga. 653, 44 Am. Rep. 743; Lynch v. Com., 88 Pa. St. 189, 32 Am. Rep. 445.

"Many of the cases cited in support of the defendant's contention belong to the class which hold, and rightly so, that where the accused is in custody, and is not present when the verdict is received, it is reversible error. There are, however, a few cases, comparatively, which hold that it is immaterial whether the absence of the accused is voluntary or otherwise, and that a verdict cannot be received in his absence under any circumstances. We cannot follow these exceptional cases, for they are unsound in principle, and *an apotheosis of technicality.*" (Italics supplied.)

Other cases besides the numerous ones cited by the court in the Gorman case have held that such waiver may be inferred from voluntary absence.[3]

---

[3]*Voluntary absence from felony trial as waiver of presence at trial:* Fight v. State, 7 Ohio 181, 28 Am. D. 626; McCorkle v. State, 14 Ind. 39; State v. Wamire, 16 Ind. 357; Sahlinger v. People, 102 Ill. 241; Price v. State, 36 Miss. 531, 72 Am. D. 195 (verdict); State v. Maxwell, 151 Kan. 951, 102 P. (2d) 109; Ah Fook Chang v. United States (9 Cir.) 91 F. (2d) 805; State v. Aikers, 87 Utah 507, 51 P. (2d) 1052; People v. La Barbera, 274 N. Y. 339, 8 N. E. (2d) 884 (defendant expressly ratified the waiver); State v. Thurston, 77 Kan. 522, 94 P. 1011; State v. Hope, 100 Mo. 347, 13 S. W. 490, 8 L. R. A. 608 (verdict; statute held constitutional); cf. State v. Way, 76 Kan. 928, 93 P. 159, 14 L.R.A.(N.S.) 603 (verdict); Gore v. State, 52 Ark. 285, 12 S. W. 564, 5 L. R. A. 832 (statute providing for waiver constitutional); see, Commonwealth v. Hale, 13 Phila. 452; People v. Cooley, 326 Ill. App. 229, 232, 61 N. E. (2d) 762.

*As waiver of presence at the verdict despite statutory right to be present during the trial:* State v. Gorman, 113 Minn. 401, 129 N. W. 589; Commonwealth v. McCarthy, 163 Mass. 458, 40 N. E. 766 (verdict as part of the trial); Frey v. Calhoun Circuit Judge, 107 Mich. 130, 64 N. W. 1047; Hill v. State, 17 Wis. 675, 86 Am. D. 736; Stoddard v. State, 132 Wis. 520, 112 N. W. 453.

*As waiver for common-law right to be present at the verdict:* Sherrod v. State, 93 Miss. 774, 47 So. 554, 20 L.R.A.(N.S.) 509; Jackson v. State, 49 N. J. L. 252, 9 A. 740 (capital case); State v. Kelly, 97 N. C. 404, 2 S. E.

It may be said that the Supreme Court of the United States has approved as due process the inference of waiver from voluntary absence, because in Rule 43 of the Federal Rules of Criminal Procedure it has adopted the following provision:

"* * * In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

The notes of the Advisory Committee on Rules and Decisions support this rule. The rule is in accord with the Code of Criminal Procedure formulated by the American Law Institute.[4]

Therefore, we adopt the view that, after arraignment, plea, and the commencement of the trial in his presence, the voluntary absence of accused from further attendance upon the trial amounts to a waiver of his statutory constitutional rights to be present up to and including the rendition of the verdict. The proceedings against Shetsky in his absence up to and including the rendition of the verdict did not lack due process.

---

185, 2 A. S. R. 299; Lynch v. Commonwealth, 88 Pa. 189, 32 Am. R. 445; Barton v. State, 67 Ga. 653, 44 Am. R. 743 (perjury); Hill v. State, 118 Ga. 21, 44 S. E. 820 (misdemeanor); State v. Epps, 76 N. C. 55; but cf. Wells v. State, 147 Ala. 140, 41 So. 630 (operates as acquittal).

[4]Chapter 14, § 287. *"Presence of defendant when prosecution for felony.* In a prosecution for a felony the defendant shall be present:

"(a) At arraignment.

"(b) When a plea of guilty is made.

"(c) At the calling, examination, challenging, impanelling and swearing of the jury.

"(d) At all proceedings before the court when the jury is present.

"(e) When evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury.

"(f) At a view by the jury.

"(g) At the rendition of the verdict.

"If the defendant is voluntarily absent the proceedings mentioned above except those in clauses (a) and (b) may be had in his absence if the court so orders."

■ However, both the Federal Rules of Criminal Procedure and the American Law Institute Code stop short of holding that the voluntary absence of accused from the imposition of sentence amounts to a waiver. In the American Law Institute Code, the presence of defendant at the pronouncement of sentence of imprisonment is required. A. L. I. Code, c. 14, § 291. The code provides that the imposition of a sentence of death or imprisonment in the absence of the defendant is illegal, and that he must be resentenced when his presence is secured.[5] The cases cited in the notes justify the provision.[6] The fact that Rule 43 of the Federal Rules of Criminal Procedure, in prescribing the scope of the waiver effected by voluntary absence, omits reference as to waiver of presence at the pronouncement of judgment and the imposition of sentence results in a clear inference that in the opinion of that court the imposition of imprisonment in the absence of defendant, whether voluntary or involuntary, is illegal and lacks due process.[7] Since

[5]Chapter 14, § 291. *"Presence of defendant at pronouncement of sentence. The defendant shall be present when a sentence of death or imprisonment is pronounced and if such sentence is pronounced in his absence he shall be resentenced when his presence is secured. The defendant need not be present when a sentence of a fine only, or a fine and imprisonment until the fine is paid, is pronounced."*

[6]Cole v. State, 10 Ark. 318; Harris v. People, 130 Ill. 457, 22 N. E. 826; State v. McClain, 156 Mo. 99, 56 S. W. 731; State v. Daugherty, 215 Mo. App. 307, 250 S. W. 958; State v. Cherry, 154 N. C. 624, 70 S. E. 294; Ex parte Lyde, 17 Okl. Cr. 618, 191 P. 606 (habeas corpus; sentence void; resentenced); State v. Dolan, 58 W. Va. 263, 52 S. E. 181, see, 6 Ann. Cas. and Note 451, 453, collecting many other cases. A few jurisdictions have held that it is not error to impose sentence in the absence of the accused if such absence is voluntary. Middlebrook v. State, 43 Conn. 257, 21 Am. R. 650 (contempt); Lynch v. Commonwealth, 88 Pa. 189, 32 Am. R. 445 (misdemeanor); People v. Weinstein, 298 Ill. 264, 131 N. E. 631.

[7]English cases, before adoption of the federal constitution, held that if the sentence included corporal punishment it was error to sentence accused in his absence. Duke's Case, Holt K. B. 399, 90 Eng. Rep. 1120; Rex v. Harris, Holt K. B. 399, 1 Raymond 267, 90 Eng. Rep. 1119; Anonymous, Lofft, 400; Rex v. Hann, 3 Burr. 1786 (extended to pecuniary punishment); Rex v. Harrison, 12 Mod. 156. This distinction was carried over into early

the validity of the proceedings in the trial, properly commenced, up to and including the rendition of the verdict is not affected by voluntary absence, a resentence when accused is apprehended is required.

In State v. Cherry, 154 N. C. 624, 627, 70 S. E. 294, 295, resentencing was ordered where the original sentence had been imposed in the absence of the defendants. The court, citing State v. Kelly, 97 N. C. 404, 2 S. E. 185, 2 A. S. R. 299, quoted with approval its previous language in that case as follows:

"* * * 'A party charged with a felony less than capital has the right to give bail and be at large unless at the trial the court shall order him into close custody. *In such case, if defendant flee, pending the trial, the court is not bound to stop the trial and discharge the jury and then give the defendant a new trial.* To do so would compromise the dignity of the court, trifle with the administration of justice, and encourage guilty parties to escape, etc.' While our decisions have established that in case of waiver the presence of the accused is not necessary to a valid trial and conviction, all of the authorities here and elsewhere, so far as we have examined, are to the effect that when a sentence, either in felonies less than capital or in misdemeanors, involves and includes corporal punishment, the presence of the accused is essential. Thus, in S. v. Paylor [89 N. C. 539], *supra,* Ashe, J., delivering the opinion, said: 'But where the punishment is corporal the prisoner must be present, as was held in Rex v. Duke, Holt, 399, where the prisoner was convicted of perjury, Holt, C. J., saying: "Judgment cannot be given against any man in his absence for corporal punishment; he must be present when it is done." ' On authority, therefore, while the trial and conviction of

American common-law cases decided before the adoption of Minn. Const. art. 1, § 7, *e. g.,* People v. Winchell, 7 N. Y. (Cow.) 525; People v. Taylor, 3 N. Y. (Denio) 91, 98 (see footnote). It has been repeated in more recent cases before both federal and state courts, *e. g.,* Ball v. United States, 140 U. S. 118, 131, 11 S. Ct. 761, 766, 35 L. ed. 377, 383; Commonwealth v. Costello, 121 Mass. 371, 23 Am. R. 277; Ex parte Waterman (D. C.) 33 F. 29 (habeas corpus; dictum about hard labor); State v. Dolan, 58 W. Va. 263, 52 S. E. 181, 6 Ann. Cas. 450, and Note collecting cases.

these defendants may very well be sustained, their sentence when absent, involving as it does their corporal punishment, must be declared invalid. S. v. Dolan, 58 W. Va., 263 [52 S. E. 181], with a learned note in 6 A. and E. Cases, 450.

"This conclusion, however, does not require that the entire proceedings should be disregarded and a new trial ordered. In this and similar cases the accepted ruling is that the judgment be set aside and the cause remanded with directions that a lawful sentence be imposed. S. v. Black, 150 N. C., 866 [64 S. E. 778], S. v. Lawrence, 81 N. C., 522; Cole v. State, 10 Ark., 318; Kelly v. State, 11 Miss., 518." (Italics supplied.)

Ex parte Lyde, 17 Okl. Cr. 618, 625, 191 P. 606, 608, was a habeas corpus case in which the trial judge went to the jail to pronounce sentence on the accused in the absence of the clerk and of counsel. After considering the authorities, the court said:

"It is true that the record shows that counsel for the defendant waived his right to be present when the judgment was rendered. However, in a felony case the defendant's presence when judgment is rendered is an essential prerequisite and indispensable to the jurisdiction of the court to render a valid judgment. The defendant cannot himself waive this right, and his counsel cannot do so for him, nor can they, in his absence, waive any other substantial right that he may have guaranteed him.

"Applying these principles on the record in this case, we are of the opinion that, the defendant not being present in open court when the judgment was pronounced, the judgment and sentence of the court is illegal and wholly void. When the judge left the bench and the courtroom the court was necessarily in recess during his absence, and the court was not in session at the county jail. The court clerk was not there present, and the defendant was not there represented by counsel, and we hold that the proceeding there in pronouncing judgment and sentence was not the judgment of any court, but the personal pronouncement of a judge made at a time when he had no power or authority to render a valid judgment. The

proceeding at the jail is therefore a nullity. It follows that petitioner is unlawfully imprisoned under said judgment."

In this state, where an illegal sentence was imposed and a petition in habeas corpus was under consideration by the court, we held that the prisoner should not be discharged, but that he should be remanded to the district court for the imposition of a legal sentence. State ex rel. Petcoff v. Reed, 138 Minn. 465, 467, 163 N. W. 984, 985, where this court said:

"If the sentence is valid in part and void in part and the two are not severable, or if it is wholly void because not such as the court was authorized to impose, the prisoner will be remanded for the imposition of a lawful sentence. State v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513; State v. Langum, 125 Minn. 304, 146 N. W. 1102; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. ed. 149; People v. Kelly, 97 N. Y. 212; In re Collins, 51 Mont. 215, 152 Pac. 40; In re Howard, 72 Kan. 273, 83 Pac. 1032; Re Harris, 68 Vt. 243, 35 Atl. 55; State v. District Court, 35 Mont. 30, 89 Pac. 63; Murphy v. Com. 172 Mass. 264, 52 N. E. 505, 43 L. R. A. 154, 70 Am. St. 266."

We therefore hold in the case at bar that the voluntary absence of Rubin Shetsky from the trial, up to and including the rendition and acceptance of the verdict, was a waiver of his right to be present, which leaves the verdict and all previous proceedings in full force and effect; but that the imposition of a sentence of imprisonment, even in his voluntary absence, was illegal and a lack of due process. It is ordered that he be discharged from imprisonment under the sentence and judgment imposed in his absence and that he be forthwith returned by respondent to the custody of the sheriff of Hennepin county, to be by him held, pending rendition of judgment and sentence in accordance with law. The district court of that county is directed to render judgment and pronounce sentence accordingly.

So ordered.