DIEGO BURGOS, Petitioner and Appellant, *v.* DISTRICT COURT OF PUERTO RICO, CAGUAS SECTION, HIRAM A. RAMÍREZ, JUDGE, Respondent.

No. 11090.   Argued February 1, 1954.—Decided December 14, 1954.

*Angel Muñoz Igartúa* for appellant. *José Trías Monge, Attorney General, Rafael L. Ydrach Yordán* and *Ramón Olivo Nieves, Acting Fiscal* and *Special Fiscal of the Supreme Court,* respectively, for The People.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the District Court of Puerto Rico, Caguas Section, Diego Burgos was charged with the offense of abandonment of minors. The corresponding trial was held on October 15, 1952, and the Court, with the consent of defendant and his attorney, postponed the pronouncement of judgment to the 27th of the same month and year.[1] The reason why judgment was not rendered on the day set is not explained in the judgment roll. In fact, it was not until January 17 of the following year that the district judge rendered a judgment of conviction against the accused, sentencing him to one month in jail but suspending its execution on condition that defendant would pay a weekly amount of $5.00 to his son. This judgment, however, was rendered in the absence of the accused as well as of his attorney.

The accused filed in the Superior Court of Puerto Rico, Caguas Part, a petition for Certiorari and contended that since judgment thus rendered is absolutely void, he should be acquitted. After the writ sought was issued and the parties were heard, it was thereafter quashed by an order rendered on April 1 of the past year, and at the same time it

---

[1] The record of the District Court was not sent to us, but the judgment roll before us reveals that in the record there is a note written by hand by the district judge, which copied verbatim read thus:

"The passing of judgment is postponed to October 27, 1952. *Lic. M. Igartúa waives any prescription term.* H.R.T. October 27, 1952." (Italics ours.)

562

was ordered that the original record of the case should be returned to the respondent court. Defendant moved for a reconsideration and on June 3, 1953, the Superior Court rendered a decision in which it states that "whereas it is true that from the record there is no showing that the attorney or the accused was present at the time judgment was pronounced, the record of this case is hereby returned to the trial court so it may summon the attorney and the accused and thus proceed to render judgment consistent with the law." Nine days later, in a petition entitled "Motion" the defendant "establishes that he does not agree with the two orders rendered in this case by this court and appeals from them to the Supreme Court of Puerto Rico."

Pursuant to the provisions of § 29 of the Code of Criminal Procedure, 1935 edition:

"After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:

"Fourth. The justice of the peace shall then consider the evidence, and *within twenty-four hours thereafter render his decision. The trial must be had and the decision rendered in the presence of the defendant; Provided,* That the defendant may be excused from this requisite in those offenses which, by their nature do not imply mental perversity or moral depravity *(mala prohibita)* in said accused, *when he is represented by counsel and the latter is present on both occasions. . . ."* [2] (Italics ours.)

It is an admitted fact that the accused, as well as his counsel, was in court during the trial. Here the controversy centers around two situations: the first one is that the district judge did not render judgment within 24 hours after the trial and the second that the judgment of conviction was rendered in the absence of the accused and/or his attorney.

It has been repeatedly held that the provisions previously copied from § 29 apply solely and exclusively to the District Court, the former municipal courts. *People* v. *Lebrón,* 61

---

[2] The case of *People* v. *Colón,* 14 P.R.R. 80, was decided before the 1925 amendment of paragraph 4 of § 29, *supra.*

P.R.R. 634, 641; *People* v. *Colón*, 39 P.R.R. 110; *People* v. *Cardona*, 36 P.R.R. 556; *Ex parte Colón* v. *The People*, 29 P.R.R. 108. Also that the provision of this Section concerning the twenty-four hour term after the trial is mandatory, and that unless it is strictly complied with, in the absence of defendant's waiver, the latter should be discharged. *Ríos* v. *People*, 47 P.R.R. 674; *People* v. *Acosta*, 40 P.R.R. 451; *People* v. *Rodríguez*, 39 P.R.R. 542..

Since here *the accused waived any term of prescription*, his contention that the District Court lacks jurisdiction to render judgment against him at the date that it did so, should not prosper. *People* v. *Rodríguez*, 76 P.R.R. 337, 341.

■■ As to the contention that judgment of conviction was rendered in the absence of both the accused and his counsel, the statutory provision is likewise mandatory—in this case both parties admit that judgment was rendered in the absence of the accused and his attorney. Its violation, however, should not carry with it the acquittal of the accused, as is the case when judgment is not rendered within twenty-four hours after the trial in the absence of a waiver to that effect. This is so because once the twenty-four hour term is expired, it is imposible to revive it and to obey the statute strictly. However, rendering judgment in the absence of the accused and/or his attorney does not have the same consequences. This is an act which can be revived easily by setting a new date for the pronouncement of judgment and by rendering it in the presence of the accused and his attorney. Therefore, when judgment is rendered without defendant or his counsel, or both when necessary, being present, the only thing which is void is the judgment itself, leaving all previous proceedings in full force and effect. *Cf. State Ex rel. Shetsky* v. *Utecht*, 36 N. W. 2d 126, 6 A.L.R. 2d 988; *State* v. *McClain*, 56 S.W. 731. The only error assigned, therefore, was not committed.

The judgment will be affirmed.