# FRANK EDWARDS v. COUNTY OF HENNEPIN.[1]

November 24, 1911.

Nos. 17,215—(60).

**Refund of bail money — vacating forfeiture — jurisdiction over county.**

An accused person was indicted, and gave cash bail for his appearance, which was deposited with the clerk of the court. On his failure to appear at the time directed, the bail was forfeited. Thereafter the clerk paid over the amount to the treasurer of the county. The accused was apprehended, brought into court, and sent to the reformatory for violating his parol on a former sentence; the case on the indictment being stricken from the calendar. Within a reasonable time thereafter the accused petitioned the court to vacate the forfeiture of bail and to order the amount thereof refunded to him. The petition, with notice of hearing, was served on the county attorney, who appeared and opposed the granting of the petition on the ground that the court had no jurisdiction. It is *held:*

1. That the trial court had jurisdiction of the subject-matter, and properly vacated the forfeiture of the bail.

2. It appearing that the bail money had been paid over to and was in the possession of the treasurer of the county, and that no notice of the petition was given to the county, except that served on the county attorney, the court acquired no jurisdiction of the county, and that part of its order which directed the county treasurer to pay the money to petitioner was therefore unauthorized.

3. It appearing that the part of the order appealed from which vacates the forfeiture of the bail was correct, and that the appellant has no defense on the merits to petitioner's claim, such order is modified by striking out the part thereof which directs the treasurer to pay the money to petitioner, and, as so modified, is affirmed, without statutory costs to either party.

Petition to the district court for Hennepin county for a return of $500 bail, which the court declared was forfeited. From an order, Steele, J., directing the treasurer of Hennepin county to pay to Frank Edwards or his attorney the forfeited bail money, and that petitioner pay the sheriff the sum of ten dollars as and for costs in effecting his capture, the county of Hennepin appealed. Modified

[1] Reported in 133 N. W. 469.

by striking from the order the clause directing the county treasurer to pay petitioner or his attorney the sum of $500; otherwise affirmed.

*James Robertson,* County Attorney, and *Mathias Baldwin,* Assistant County Attorney, for appellant.

*Herbert T. Park,* for respondent.

BUNN, J.

On July 6, 1910, Frank Edwards was arrested in Minneapolis, lodged in the county jail, charged with grand larceny. On July 8 his mother deposited with the clerk of the district court of Hennepin county bail money in the sum of $500 in behalf of the accused, upon which he was released and directed to appear before the district court on September 14, 1910. On September 12, 1910, Edwards was indicted for grand larceny. He failed to appear on September 14, whereupon the bail was declared forfeited. On December 1, 1910, he was arrested and placed in custody to await trial upon the indictment. On January 20, 1911, the day set for the trial, the indictment was stricken from the calendar, and Edwards was committed to the state reformatory upon another charge, on which he had been released upon probation and had failed to report as required of him. After the bail had been forfeited, and on October 10, 1910, the clerk of the district court paid over to the county treasurer of Hennepin county the bail money so deposited by Mrs. Edwards.

January 31, 1911, Edwards petitioned the district court that the $500 bail money be returned to him, less such a sum as would reimburse the state for the expenses of his apprehension and return to custody. The petition set forth the facts as above recited, and was, with written notice of the time and place for the hearing thereof, directed to "James Robertson, Attorney for the County of Hennepin," duly served on the county attorney. The matter came on for hearing before the district court on February 26, 1911. The county attorney appeared in opposition to the petition; the grounds of objection being that the court did not have jurisdiction. The court, after hearing the evidence, granted the petition, vacated the order forfeiting the bail, and directed the county treasurer of Hennepin county to pay to petitioner or his attorney the sum of $500, theretofore declared

forfeited, on condition that Edwards should pay the sum of $10 to the sheriff, as the costs of effecting his capture and return to custody, and that Edwards should cause to be presented to the county treasurer a certified copy of the order. The county of Hennepin appealed to this court from such order.

1. We have no doubt that the trial court had jurisdiction of the subject-matter—the forfeited bail money. There is clearly power in a trial court to relieve from a forfeiture of bail, and the facts were ample to justify the exercise of such power in this case. It is contended that because the clerk of the court had turned this forfeited bail money, with other funds, over to the county treasurer, the court lost jurisdiction to relieve from the forfeiture. We think counsel are in error in assuming that R. L. 1905, § 2721, directs the clerk to turn over to the county treasurer bail money deposited with him, after its forfeiture. That section refers only to fees. Under section 5247, cash bail must be delivered to the clerk and held by him "until the final disposition of the case and the further order of the court relative thereto." Section 4541, R. L. 1905, provides that "fines and forfeitures not specially granted or appropriated by law shall be paid into the treasury of the county where the same are incurred." It is at least doubtful, under the sections of the statutes referred to, whether the clerk had any right to turn over the bail money to the county treasurer before the final disposition of the case and until the court made an order relative thereto; but, whether the money was rightfully or wrongfully paid to the county, we are clear that such payment did not deprive the court of jurisdiction of the subject-matter, or of power to vacate the forfeiture.

2. But, whether the money was rightfully or wrongfully in the possession of the county, it was necessary to bring the county into court, in order to warrant an order that the county pay the money to petitioner. Jurisdiction of the person was necessary, as well as jurisdiction of the subject-matter. As we have stated, notice of petitioner's application was directed to and served upon the county attorney. No claim was filed with the county board. No summons, process, or notice was served upon the county in the manner prescribed by law. R. L. 1905, § 413, provides that service of summons or other process

in an action against a county shall be made upon the chairman or clerk of the board, either during a session of the board or within ten days prior thereto. Section 620 provides that no action against a county, where the only relief asked is a judgment for money, shall be brought until a claim is presented to the board and it fails to act or consents to such action. It is true that the county attorney is the legal adviser of the county, and must appear in all cases to which it is a party; but it would hardly be claimed that service of a summons on the county attorney in an action against the county would give jurisdiction. It is difficult to see how such jurisdiction could be obtained by serving a notice on the county attorney of an application to the court for an order directing the county, or a county officer, to pay over money, when no action had been commenced, and no jurisdiction acquired in any action. Here not only was no action commenced, no summons served, but the notice of the application was not directed to or served upon the county, except in so far as notice to the county attorney may be notice to the county. Notice of the application to vacate the forfeiture was properly served upon the county attorney, as the attorney for the state in the criminal case in which the proceeding was taken. But when it appeared that the bail money had been by the clerk paid over, rightfully or wrongfully, to another, it was, we think, necessary to obtain jurisdiction of the person in whose possession the money was before making an order directing him to pay it over.

And this jurisdiction could not be obtained by serving notice on the attorney who usually or always represented such person. It does not appear that the county waived the question of jurisdiction by the appearance of the county attorney on the hearing. That officer properly appeared in opposition to the petition to vacate the forfeiture, but such appearance neither did nor could operate to confer jurisdiction over the county in the matter of the return of the bail money. We must hold that the trial court had no jurisdiction over Hennepin county, so far as concerned the matter of directing the county treasurer to pay over the bail money to petitioner.

3. It is clear, however, that the county ought to pay the money, and has no defense that can ultimately succeed. We do not think it neces-

sary to order a reversal. That part of the order appealed from which vacated the forfeiture was clearly right, and a modification of the order, by striking therefrom the clause ordering and directing the county treasurer to pay petitioner or his attorney the sum of $500, will leave the rights of the parties clear, and, we trust, end the case. The order appealed from is modified accordingly, and, as so modified, is affirmed. No statutory costs will be allowed either party on this appeal.

Modified and affirmed.