## IN RE APPLICATION OF RUBIN SHETSKY FOR RETURN OF BAIL MONEY.[1]

June 22, 1951.

No. 35,539.

See, State ex rel. Shetsky v. Utecht, 228 Minn. 44, 36 N. W. (2d) 126; State v. Shetsky, 229 Minn. 566, 40 N. W. (2d) 337.

*K. J. Flakne* and *John Ott,* for appellant.

*Michael J. Dillon,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for County of Hennepin and State of Minnesota.

PER CURIAM.

Rubin Shetsky, the petitioner above named, was indicted by the grand jury of Hennepin county August 1, 1945, for the crime of murder in the second degree. He was arrested and arraigned and pleaded not guilty. August 6, 1945, he was admitted to bail in the penal sum of $20,000 with the Western Surety Company as surety. September 10, 1945, his trial commenced in the district court, and, before the trial was finished, Shetsky fled the jurisdiction. His bail was forfeited. The surety paid the $20,000 into court, and on October 31, 1945, the clerk of the district court paid the bail money to the treasurer of Hennepin county, where it still remains.

[1] Reported in 48 N. W. (2d) 518.

The trial proceeded in Shetsky's absence, and the jury returned a verdict of guilty. On that verdict he was sentenced to life imprisonment. He was not apprehended for some time thereafter until he was found in California in March 1947 and apprehended by the Federal Bureau of Investigation. He was then returned to Hennepin county and taken by the sheriff of that county to the state prison at Stillwater, Minnesota, where he remained for over three years. In habeas corpus proceedings, it was determined that it was a lack of due process to sentence him *in absentia,* and he was ordered by this court to be returned to Hennepin county for resentencing. State ex rel. Shetsky v. Utecht, 228 Minn. 44, 36 N. W. (2d) 126, 6 A. L. R. (2d) 988. He was resentenced for life, whereupon he moved for a new trial, which was denied in the district court but granted by this court. State v. Shetsky, 229 Minn. 566, 40 N. W. (2d) 337. Thereafter, he moved for a change of venue on the ground that he could not have a fair trial in Hennepin county. That motion was granted, and he was subsequently tried in McLeod county and found not guilty.

On December 12, 1950, Shetsky filed a petition in the district court of Hennepin county for remission of the bail money, under M. S. A. 629.59, less the expenses and disbursements to which the county was put in his apprehension and return to the jurisdiction. The petition was addressed to the district court of Hennepin county and pleaded an assignment to him by the surety company of its interest in the bail money. It was served only upon the county attorney, who appeared and moved to dismiss the petition. The petition was never served upon Hennepin county or upon any of its officers authorized by statute to receive service, nor does it appear from the record that the county waived the service or voluntarily submitted to the jurisdiction of the court.

Counsel for petitioner and the county attorney appeared before the district court, which denied the petition on the ground that petitioner's flight was voluntary.

This case is controlled by the decision in Edwards v. County of Hennepin, 116 Minn. 101, 104, 133 N. W. 469, 471, where a

similar application for remission of bail was served upon the county attorney, but not upon the county, after cash bail had been paid over to the county treasurer by the clerk of court. While this court there said that such payment to the treasurer did not deprive the court of jurisdiction of the subject matter or of power to vacate the forfeiture, the court said that it was necessary to acquire jurisdiction of the party (the county) "in whose possession the money was," as well as jurisdiction of the subject matter. In short, we held that in proceeding in personam it is essential to acquire jurisdiction of the party as well as to have jurisdiction of the subject matter. Lacking either, the proceedings should stop. Doubtless, petitioner in his procedure was misled by the language in the Edwards opinion that the payment to the treasurer (116 Minn. 103, 133 N. W. 470) "did not deprive the court of jurisdiction of the subject-matter, or of power to vacate the forfeiture." There was still lacking the essential element of jurisdiction of the party having possession of the bail money. That principle of the essentials of jurisdiction in proceedings in personam is too well established to require citation of authorities. 21 C. J. S., Courts, § 35a, and cases cited in note 98. The trial court should have refused to consider the question sought to be presented by the petition on the ground of lack of jurisdiction.

Remanded with instruction to dismiss petition for lack of jurisdiction.