STATE OF NORTH CAROLINA v. SAMUEL JESSIE GURKIN, EARL W. NEWMAN AND LEONARD STINSON

No. 7017SC157

(Filed 27 May 1970)

**1. Criminal Law §§ 146, 162— objection to evidence — failure to object on trial — appeal**

Defendants who failed to object to in-court identification on the trial cannot raise objections thereto for the first time on appeal.

**2. Criminal Law § 112— instructions — burden of proof on alibi**

The jury could not have been misled as to the burden of proof on the defense of alibi, where the court emphatically instructed the jury that the defendants were presumed to be innocent until the State satisfied the jury of their guilt beyond a reasonable doubt.

**3. Robbery § 5— armed robbery — instructions on lesser degrees of the offense**

Where there was no evidence in an armed robbery prosecution that any offense other than armed robbery or common law robbery had been committed, the trial court did not err in failing to submit the issues of assault with a deadly weapon and simple assault.

**4. Criminal Law § 115— instruction on lesser degrees of offense**

Where there is no conflict in the evidence, the mere contention that the

jury might accept the evidence in part and reject it in part is insufficient to require an instruction on a lesser included offense.

APPEAL by defendants from *Gwyn, J.,* 27 October 1969 Session, CASWELL Superior Court.

Defendants were charged jointly in a bill of indictment with the felony of robbery with firearms or other dangerous weapons (G.S. 14-87). Upon their pleas of not guilty they were tried by jury which returned for its verdict that each of the defendants was guilty as charged.

The State's evidence tended to show that on 17 March 1969 the three defendants went to Caswell County ABC Store No. 5; defendant Gurkin was driving and remained in the car while defendants Newman and Stinson went into the store; in the store, defendants Newman and Stinson went behind the counter, defendant Newman exhibited a knife, and the store attendant fled out the back door; defendants Newman and Stinson ran out the front door, Newman carrying a bottle of whiskey; and the three defendants drove away with defendant Gurkin at the wheel.

Each of the defendants offered evidence which tended to show that they were at some other place at the time of the alleged offense.

From the verdicts of guilty as charged and judgments pronounced thereon, each defendant appealed.

*Attorney General Morgan, by Trial Attorney Harris, for the State.*

*Price, Osborne & Johnson and Gwyn, Gwyn & Morgan by Melzer A. Morgan, Jr., for defendants Gurkin and Newman.*

*D. Emerson Scarborough, for the defendant Stinson.*

BROCK, J.

[1] Defendants undertake to assign as error the in-court identification of the three defendants; they argue that the in-court identification was tainted by an illegal in-custody pre-trial confrontation. Not one of the three defendants objected to or moved to strike the in-court identification; on appeal they have raised the question for the first time. At trial defendants did not indicate in any way that they desired an examination of the witness and findings by the trial judge upon the question; they were content to allow the witness to identify defendants, and they cannot successfully raise objections for the first time on appeal. *State v. Jones,* 6 N.C. App. 712, 171

S.E. 2d 17; *State v. Martin,* 2 N.C. App. 148, 162 S.E. 2d 667. In any event, we note from the testimony of the victim that his in-court identification was clearly based upon his observation of the defendants at the time of the commission of the offense.

**[2]**    Defendants assign as error a portion of the judge's instructions to the jury relating to the defense of alibi. They argue that the trial judge did not make it clear who had the burden of proof where the defense is alibi. Although the charge in this respect is not a model to be followed, the trial judge did emphatically instruct the jury that the defendants were presumed to be innocent and that this presumption remained until the State satisfied the jury of defendants' guilt beyond a reasonable doubt. Also, the trial judge clearly instructed the jury as to each defendant that if the State failed to satisfy the jury beyond a reasonable doubt of the guilt of defendant, it would be the duty of the jury to return a verdict of not guilty. We fail to perceive how the jury could have been misled upon the question of the burden of proof.

**[3, 4]**    Defendants next complain that the trial judge did not submit the issues of assault with a deadly weapon and simple assault to the jury. There was evidence from which the jury could have found that the offense committed was robbery with firearms or other dangerous weapon, or common law robbery; and these two issues were properly submitted to the jury. However there was no evidence which indicated that any offense other than a robbery was committed. Upon the evidence of the State, which was uncontradicted as to the event, and questioned only as to the identity of the perpetrators, all of the elements of the offense of either armed robbery or common law robbery were present; there was no evidence that any person committed a lesser offense. *State v. Lentz,* 270 N.C. 122, 153 S.E. 2d 864. Where there is no conflict in the evidence the mere contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545.

Defendants assign as error certain portions of the trial judge's recapitulation of the evidence and the contentions of the parties. A careful reading of the evidence and the charge fails to disclose that the trial judge expressed any opinion upon the evidence or assumed any material fact to be true.

Counsel for defendants frankly and properly state that they find no error in the Court's action in overruling their motions for non-suit.

No error.

BRITT and HEDRICK, JJ., concur.