## STATE OF NORTH CAROLINA v. ALVIN LEE HUDSON

### No. 7322SC672

(Filed 19 September 1973)

**1. Criminal Law § 97— permitting State to reopen case**

In a prosecution for breaking and entering and larceny, the trial court did not err in allowing the State to reopen its case after the State had rested and defendant had moved for nonsuit in order .to present evidence as to the ownership of the stolen property.

**2. Criminal Law §§ 79, 104— motion for nonsuit — consideration of accomplice testimony**

The trial court could give the testimony of an accomplice equal weight with other evidence in ruling on defendant's motions for nonsuit.

**3. Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering — larceny — sufficiency of evidence**

The State's evidence, including the testimony of an accomplice, was sufficient for the jury in a breaking and entering and larceny prosecution.

**4. Burglary and Unlawful Breakings § 7— failure to submit nonfelonious breaking and entering — disbelief of part of testimony**

The trial court in a prosecution for felonious breaking and entering did not err in failing to submit an issue of nonfelonious breaking and entering on the ground that the jury could have disbelieved testimony by defendant's accomplice as to the felonious intent of the breaking and entering, since the mere contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense where there is no conflict in the evidence.

APPEAL from *Collier, Judge,* 26 February 1973 Session of DAVIDSON Superior Court.

In a bill of indictment, proper in form, defendant was charged with (1) felonious breaking and entering and (2) larceny. He entered a plea of not guilty as to each count, was found guilty as charged and from judgment imposing prison sentences, he appealed.

*Attorney General Robert Morgan by Associate Attorney Ann Reed, for the State.*

*Legal Aid Society of Forsyth County by David B. Hough for the defendant.*

State v. Hudson

BRITT, Judge.

Defendant's first assignment of error is to the court's failure to grant his motion for nonsuit made at the close of the State's evidence, the court's allowance of the State to reopen its case after his motion, and the court's failure to grant his motion for nonsuit renewed at the conclusion of all the evidence.

The evidence considered in the light most favorable to the State, tended to show: On the night of 31 December 1971 defendant, together with Walter Morton and Donna Gregson, who gave testimony, went to the residence of Wilmer Mizell in Davidson County in a 1971 pickup truck. The truck was backed into the driveway of the residence and defendant went to the front door and knocked to see if anyone was at home. There being no answer the three went to the back of the house where defendant picked up a piece of "stove wood" and broke a window of the back door. Defendant then opened the door and the three entered the home. Donna Gregson removed a radio from the house to the truck and then stayed with the truck to act as a lookout. Defendant removed a radio and a clock from the house and, with Morton's help, removed a stereo. Morton removed a television set by himself. All of these items were placed in the back of the truck, covered, and driven to Red's Package Store which was north of the Mizell home on Highway 52. There the three met Bill Gray Southern to whom they sold the goods for $85, defendant receiving the money.

The foregoing was shown by the testimony of Lt. Bobby Beck, Donna Gregson, and Sgt. Glenn Eppley after which the State rested. Defendant then moved for nonsuit on the ground that there was a fatal variance between the evidence and indictment in that there was no showing that the property alleged to have been stolen was the property of Wilmer Mizell. The judge deferred ruling on defendant's motion until after lunch and a recess was called. When court reconvened the State moved to reopen its case for the specific purpose of showing the ownership of the property in question. Over defendant's objection, the State was allowed to reopen its case and call James H. McAlpine, father-in-law of Mr. Mizell, whose testimony tended to show that the items in question belonged to Mr. Mizell. Defendant renewed his motion for nonsuit at this point and again at the close of all the evidence; the motions were overruled. · ·

[1] Defendant contends first that it was error to permit the State to reopen its case. The contention has no merit. Judge Mor-

ris covered this point succinctly in *State v. Brown,* 1 N.C. App. 145, 149, 160 S.E. 2d 508, 512 (1969) when she said:

> "The general rule followed in the majority of jurisdictions is stated in 53 Am. Jur., Trial, § 128, p. 112, as follows:
>
> 'The trial judge possesses wide discretionary powers relative to the reopening of a criminal case for the introduction of further evidence after the parties have rested. In his discretion, a criminal case may be reopened for the reception of additional evidence after the case has been submitted to the jury and before their retirement to deliberate on their verdict, and according to the weight of authority, it lies within the sound discretion of the trial court to reopen a criminal case for the reception of additional evidence even after the jury has retired to deliberate on their verdict.' The North Carolina Supreme Court adheres to this rule and has stated that the trial court has discretionary power to permit the introduction of additional evidence after a party has rested, *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736, and even after the argument has begun. *State v. Jackson,* 265 N.C. 558, 144 S.E. 2d 584. As stated in *State v. Jackson, supra,* 'The trial court had discretionary power to permit the introduction of additional evidence after both parties had rested and arguments had been made to the jury.' "

The record in the instant case fails to disclose that the trial judge abused his discretion in permitting the State to reopen its case.

[2] Defendant's second contention on the motions for nonsuit is that the court, in passing upon the sufficiency of the evidence, could not consider the testimony of the accomplice Donna Gregson whose testimony was the only evidence connecting defendant to the actual breaking and entering. This contention has no merit.

In *State v. Church,* 265 N.C. 534, 536, 144 S.E. 2d 624, 625 (1965), we find: "Upon a motion for judgment of nonsuit the evidence offered by the State must be taken in the light most favorable to the State and conflicts therein must be resolved in the State's favor, the *credibility and effect of such evidence being a question for the jury. State v. Thompson,* 256 N.C. 593, 124 S.E. 2d 728; *State v. Roop,* 255 N.C. 607, 122 S.E. 2d 363; *State v. Bass,* 255 N.C. 42, 52, 120 S.E. 2d 580." [Emphasis added.] We conclude that in ruling on the motions for nonsuit

State v. Hudson

the court could give the testimony of the accomplice equal weight with other evidence. The weight to be given the testimony of an accomplice in determining the guilt of a defendant is a matter for the jury under proper instructions, and the court provided proper instructions in this case.

[3] We hold that the court properly ruled that the evidence was sufficient to withstand the motions for nonsuit after the State introduced the testimony of Mr. McAlpine.

[4] Defendant assigns as error the failure of the court to instruct the jury as to lesser offenses included within the crime of felonious breaking and entering. On this assignment, defendant contends that the jury could have disbelieved the witness Donna Gregson as to the felonious intent of the breaking and entering and could have found him guilty of nonfelonious breaking and entering. The assignment is without merit.

In *State v. Gurkin*, 8 N.C. App. 304, 306, 174 S.E. 2d 20, 22 (1970), this court said: "Where there is no conflict in the evidence the mere contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545." In the instant case there is no conflict of theories in the State's evidence and the evidence of defendant consisted only of an alibi. Therefore, there is no evidence of any offense other than that charged on and the rule stated in *Gurkin* applies here. We hold that the court did not err in failing to charge on lesser included offenses.

We have considered the other assignments of error asserted by defendant and find them to have no merit. They too are overruled.

No error.

Chief Judge BROCK and Judge BALEY concur.