STATE OF NORTH CAROLINA v. TOMMY HENRY BILLINGS

No. 7423SC231

(Filed 5 June 1974)

1. **Criminal Law § 154— deficiency in record on appeal — stipulation of jurisdictional facts**

Failure of the record on appeal to show jurisdiction in the superior court of misdemeanors is deemed cured where, in response to the appellate court's request for a sufficient record, counsel for the State and for defendant filed a stipulation as to the jurisdictional facts and the accuracy of the stipulation was certified by the clerk of superior court.

2. **Criminal Law § 118— misstatement of contentions — omission in review of evidence**

Any alleged misstatement of the contentions of a party or omission by the court in its review of the evidence must be called to the court's attention.

3. **Constitutional Law § 31; Criminal Law § 98— right to be present at verdict — waiver**

Defendant waived his right to be present in the courtroom at the rendition of the verdict by voluntarily absenting himself from the courtroom prior to the time the verdict was returned.

APPEAL by defendant from *Rousseau, Judge,* 24 September 1973 Session of Superior Court held in ALLEGHANY County.

Defendant was convicted of operating a motor vehicle while his operator's license was permanently revoked, careless and reckless driving and failure to stop upon approach of a police vehicle giving an audible signal by siren. The cases were consolidated for judgment and a sentence of two years was imposed.

*Attorney General Robert Morgan by James Wallace, Jr., Associate Attorney, for the State.*

*Finger & Park by Daniel J. Park for defendant appellant.*

VAUGHN, Judge.

[1] The record on appeal, as filed in this court, contained nothing to show that defendant was ever tried in the District Court on the charge of driving while his license was permanently revoked. There was nothing in the record to indicate that defendant appealed from the District Court to the Superior Court in any of the cases. There was, therefore, nothing to show that the Superior Court had jurisdiction. When lack of jurisdiction is

apparent, the Supreme Court will stop the proceedings and arrest judgment. *State v. Guffey*, 283 N.C. 94, 194 S.E. 2d 827. In response, however, to our request for a sufficient record, counsel for the State and defendant have filed a stipulation as to the jurisdictional facts and the accuracy of the stipulation has been certified by the clerk of the Superior Court of Alleghany County. We regard the deficiency in the record cured and consider the case on its merit. *See State v. Willis*, 285 N.C. 195, 204 S.E. 2d 33.

[2]   Defendant contends that the judge, in his recapitulation of the evidence, did not repeat evidence elicited on cross-examination. This assignment is without merit. Moreover, any alleged misstatement of the contentions of a party or omission by the court in its review of the evidence must be called to the court's attention. *State v. McClain*, 282 N.C. 396, 193 S.E. 2d 113.

[3]   When the jury retired the court took a five or ten minute recess and thereafter proceeded with other matters before the court. In a few minutes the jury came in with its verdict. Defendant's counsel was present. The court heard from counsel for defendant (defendant being present) and then pronounced judgment. Thereafter, defense counsel stated that he had just been advised that defendant was not present when the jury returned in open court. Defendant's motion for arrest of judgment because of the foregoing was denied and that is the subject of his only other assignment of error. If defendant was not in the courtroom when the jury returned, there is nothing in the record to indicate that his absence was other than voluntary. He therefore waived his right to be present at the rendition of the verdict. He was present when sentence was imposed. There is no merit to the assignment of error. *State v. Stockton*, 13 N.C. App. 287, 185 S.E. 2d 459.

No error.

Judges CAMPBELL and MORRIS concur.