STATE OF NORTH CAROLINA v. DAVID HARRIS

No. 7514SC308

(Filed 3 September 1975)

1. **Escape § 1— prisoner absent from unit with permission — failure to return — sufficiency of evidence of escape**

    Evidence was sufficient to be submitted to the jury in a prosecution for escape where it tended to show that defendant left the correctional center to which he was committed on a Community Volunteer Leave pass, defendant did not return to the unit within the time allowed by the pass, and he was returned to the unit by the county sheriff's department three days later.

2. **Criminal Law § 40— preliminary hearing — denial of free transcript — no error**

    Defendant's Fourteenth Amendment constitutional rights to due process of law and to the equal protection of the laws were not infringed by the denial of his motions that a court reporter be provided at State expense to record the proceedings at his preliminary hearing and that he be furnished a free transcript thereof.

3. **Constitutional Law § 31; Criminal Law §§ 98, 126— right to be present at rendition of verdict — waiver**

    Defendant waived his right to be present and to have his attorney present at the rendition of the verdict where there was nothing in the

---

State v. Harris

---

record to indicate that the absence of defendant and his counsel was other than voluntary.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 22 January 1975. Heard in the Court of Appeals 17 June 1975.

Defendant was tried on his plea of not guilty to a bill of indictment which charged that on 11 August 1974, while he was lawfully confined in the North Carolina State Prison System in the lawful custody of the North Carolina Department of Correction, Camp No. 4210 Guess Road, Durham, N. C., serving a sentence for the crime of armed robbery, he feloniously escaped "while on Community Volunteer Leave by wilfully failing to return to the lawful custody of the North Carolina Dept. of Correction, Camp #4210 Guess Road, Durham, N. C." At the trial defendant, represented by counsel, stipulated that on 11 August 1974 he was serving a sentence in the North Carolina Department of Correction for the crime of armed robbery. The State presented the testimony of a sergeant with the North Carolina Department of Correction assigned to the Guess Road Unit who testified that on 11 August 1974 defendant was an inmate at the Guess Road Prison Camp, that he was authorized to be on the Community Volunteer Leave Program, that at about 10:00 a.m. on that day he left the unit on Community Volunteer Leave pass which was to last until 10:00 p.m., that he did not return at 10:00 p.m., and that he was returned to the unit by the Durham County Sheriff's Department three days later.

Defendant did not offer evidence. The jury found him guilty as charged, and from judgment imposed on the verdict, defendant appealed.

*Attorney General Edmisten by Associate Attorney Wilton E. Ragland, Jr. for the State.*

*Loflin & Loflin by Thomas F. Loflin III for defendant appellant.*

PARKER, Judge.

[1]   Defendant's motion for nonsuit was properly denied. G.S. 148-4 provides in part as follows:

"The Secretary of Correction may extend the limits of the place of confinement of a prisoner, as to whom there

is reasonable cause to believe he will honor his trust, by authorizing him, under prescribed conditions, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to

\* \* \* \* \*

"(6) Participate in community-based programs of rehabilitation, including, but not limited to the existing community volunteer and home-leave programs, and other programs determined by the Secretary of Correction to be consistent with the prisoner's rehabilitation and return to society.

"The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to the place of confinement designated by the Secretary of Correction, shall be deemed an escape from the custody of the Secretary of Correction punishable as provided in G.S. 148-45."

The indictment in this case charged, and the State's evidence was sufficient to support a jury finding, that defendant committed an escape within the meaning of G.S. 148-4. The testimony of the State's witness, a sergeant with the North Carolina Department of Correction assigned to the Guess Road Prison Camp in which defendant was confined, that on the day in question defendant "was given permission to leave the unit on a Community Volunteer Leave" was sufficient to support the jury so finding, and it was not necessary, as defendant contends, that the State present evidence to show that the Secretary of Correction, after making a determination that there was reasonable cause to believe that defendant would honor his trust, had personally authorized defendant's release on 11 August 1974 to participate in the community volunteer program and had personally prescribed the precise period of time during which the defendant was permitted to be absent from the Guess Road Prison Unit. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969), cited by defendant, is not here apposite. There was not here, as there was in that case, a fatal variance between the indictment and the proof.

[2]  Prior to return of the indictment as a true bill, a preliminary hearing was held on 26 September 1974 in the district court. On 18 September 1974 defendant, through his court-appointed counsel, filed a written motion with the district court

"that a Court Reporter paid by the State of North Carolina or by the County of Durham be ordered to be present at the preliminary hearing in the said above-styled case on September 26, 1974, to make and provide free of charge to the defendant a verbatim record of the proceedings at such preliminary hearing." By order of the district court dated 18 September 1974 this motion was denied. On 26 September 1974 the preliminary hearing was held in the district court, no court reporter being present, and probable cause was found. The indictment was returned by the grand jury as a true bill at the 7 October 1974 session of superior court, and defendant's trial took place at the 20 January 1975 session of superior court. Upon call of the case for trial, defendant's counsel asked that the court "take corrective action to remand the case back downstairs for a new preliminary hearing for which we might get a transcript at State expense." This motion was denied. Defendant contends his Fourteenth Amendment constitutional right to due process of law and to the equal protection of the laws were infringed by the denial of his motions that a court reporter be provided at State expense to record the proceedings at his preliminary hearing and that he be furnished a free transcript thereof. We do not agree.

"Neither the North Carolina nor the United States Constitution requires a preliminary hearing. A preliminary hearing is not a necessary step in the prosecution of a person accused of crime, and an accused person is not entitled to a preliminary hearing as a matter of substantive right." *State v. Foster*, 282 N.C. 189, 196, 192 S.E. 2d 320, 325 (1972). In this State "[i]t is firmly established by a long line of cases that the accused may be tried upon a bill of indictment without a preliminary hearing." *State v. Thornton*, 283 N.C. 513, 517, 196 S.E. 2d 701, 704 (1973); accord, *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974); *State v. Harrington*, 283 N.C. 527, 196 S.E. 2d 742 (1973). Moreover, even in those cases in which a preliminary hearing is held, it has not been the usual practice in this State that a court reporter be present and that the proceedings be recorded. Thus, *Roberts v. LaVallee*, 389 U.S. 40, 19 L.Ed. 2d 41, 88 S.Ct. 194 (1967), cited by defendant, is distinguishable. In that case a New York statute provided that a transcript of the proceedings at a preliminary hearing would be furnished on payment of fees at a specified rate. A majority of the court held that the New York statute, as applied to deny a free transcript to an indigent, violated the equal protection clause of the Federal Constitution. In North Carolina we have no similar statute, and,

State v. Harris

as above noted, a court reporter's transcript of the proceedings at a preliminary hearing is not generally available to the accused, indigent or nonindigent. Clearly, there has not been here, as there was in *Roberts v. LaVallee, supra,* a showing that there has been an inequality in treatment by the State based upon the financial situation of the defendant. Furthermore, defendant here has made no showing how the lack of a transcript of the preliminary hearing proceedings could have prejudiced his defense. The case against him was extremely simple, only one witness appearing at his trial and the testimony of that witness being narrated in full in only three and one-half pages of the record on this appeal. We find defendant's assignment of error directed to the denial of his motions for a free transcript of the preliminary hearing proceedings to be without merit and the same is overruled.

Defendant's assignment of error directed to the mandate in the court's instructions to the jury is also overruled. To support this assignment, defendant again cites and relies upon *State v. Cooper, supra.* As hereinabove noted, that case is not applicable to the present prosecution.

[3] Defendant assigns error to the court's action in taking the verdict when neither defendant nor his counsel was present in the courtroom. In this regard the record shows that after the jury retired to the jury room and had completed its deliberation as to the verdict, the jurors indicated by buzzer they were ready to return to the courtroom. Apparently neither the defendant nor his attorney was then in the courtroom, and the court asked if the attorney could be located. Thereafter it was reported to the court that the attorney had been looked for but could not be found on the first or second floor of the courthouse. Upon receiving this information, the court directed that the jury be brought in and proceeded to take the verdict. Defendant and his counsel then returned to the courtroom, and the counsel made a statement to the court on the matter of sentencing. After receiving this statement, the court pronounced judgment, both defendant and his counsel being present.

Although the defendant in a criminal case has the right to be present at the return of the verdict, Annot., 23 A.L.R. 2d 456 (1952), under certain circumstances this right may be waived. For example, "[i]n cases where a defendant is charged with less than a capital crime, this voluntary and unexplained absence from the court after his trial begins constitutes a waiver

of his right to be present." *State v. Stockton,* 13 N.C. App. 287, 291, 185 S.E. 2d 459, 463 (1971) ; accord, *State v. Billings,* 22 N.C. App. 73, 205 S.E. 2d 577 (1974). There is nothing in the record in the present case to indicate that the absence of defendant and his counsel was other than voluntary. Defendant therefore waived his right to be present and to have his attorney present at the rendition of the verdict.

In defendant's trial and in the judgment entered we find

No error.

Chief Judge BROCK and Judge ARNOLD concur.