STATE OF NORTH CAROLINA v. JOHN WILSON, JR.

No. 7621SC366

(Filed 3 November 1976)

1. **Robbery § 4; Criminal Law § 7— no coercion to commit crime — sufficiency of evidence of armed robbery**

    The State's evidence did not show as a matter of law that defendant was coerced by a codefendant into participating in an armed robbery and was sufficient to support a jury finding that he was a principal in the crime where it tended to show: the codefendant knew the victim was carrying a large sum of money on his person and had been unsuccessful in attempts to coerce the victim to hand the money over to him; the codefendant came into the victim's house, pointed a shotgun at the victim, and again demanded the money; defendant then walked into the room, whereupon the codefendant instructed defendant to "take everything"; defendant then pushed the victim onto a bed and forcibly took the victim's wallet and bankbook; defendant also took a radio before leaving the room; and the codefendant kept the shotgun pointed at the victim throughout the entire episode.

2. **Criminal Law § 98— defendant's waiver of right to be present at trial**

    One accused of a noncapital felony or a misdemeanor may waive his right to be present during his trial, and defendant's voluntary and unexplained absence from court after his trial begins constitutes a waiver of his right to be present.

3. **Criminal Law § 98— defendant's absence from trial — waiver of right to be present — absence of prejudice**

    Defendant's absence at the beginning of the second day of his trial for robbery constituted a voluntary waiver of his right to be present throughout his trial where defendant offered no explanation or justification for his absence; furthermore, defendant was not prejudiced by the court's continuation of the charge during defendant's brief absence from the courtroom when a deputy sheriff requested that he go out and wash his face so that he could stay awake during the remainder of the charge.

4. **Robbery § 5— armed robbery — failure to submit common law robbery**

    The trial court in an armed robbery case did not err in failing to submit an issue of common law robbery where the evidence tended to show that an armed robbery was committed by defendant and a codefendant acting in concert and there was no evidence of common law robbery.

5. **Criminal Law §§ 145, 154— consolidated trial of defendants — two records on appeal — taxing of costs against attorneys**

    Where attorneys representing two defendants in an appeal from a consolidated trial filed two records on appeal, the attorneys will be taxed with the costs of printing the unnecessary record. App. R. 11(d).

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 23 January 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 September 1976.

Defendant was indicted for robbery with a firearm. The jury returned a verdict of guilty and the defendant was sentenced to imprisonment for a term of five years.

At trial, the State's prosecuting witness was Ralph J. Porter (hereinafter called Porter), the 68-year-old victim of the alleged robbery. Porter testified, inter alia, that he had known defendant and codefendant Roscoe Davis (hereinafter called Davis) for approximately four years. On 10 October 1975, Porter asked one Joe Jones to carry him and Davis to purchase a car at Modern Chevrolet Company in Winston-Salem. At this time, Porter was carrying $2,000 in cash in his hip pocket. As they looked at the automobiles, Davis followed Porter closely, causing the latter to feel uneasy. After selecting a car for purchase, Porter went to his bank, again accompanied by Davis, to withdraw an additional $500 with which to pay for the automobile so that Davis would not know that Porter was carrying the $2,000 on his person. After Porter bought the car, he and Davis stopped by a friend's house where Porter bought a shotgun. Thereafter, as they walked back home, Davis demanded of Porter, "Give me that money, man," which Porter refused to do. Davis then urged Porter to transfer title of the car to him but again Porter refused. Soon thereafter, Davis asked to carry the shotgun and was permitted by Porter to do so. As they continued walking, Davis hit Porter on both shoulders with the gun in a threatening manner. Porter went into Jones' house to pick up $500 which Jones had been holding for him, and, as Porter and Davis left Jones' house, Porter noticed defendant sitting on the porch of a nearby house. Porter then went home alone.

In approximately 15 minutes, Davis came into Porter's house carrying the shotgun and said, "Give me that money, man. I ain't fooling around. Give me that money." Davis began to advance toward Porter, aiming the shotgun at him. At this point, defendant came into the room. Davis commanded defendant to "Take everything; get everything," whereupon defendant pushed Porter on the bed, jerked Porter's hand out of his pants ripping the pocket, and took Porter's bankbook and wallet. Defendant then grabbed a portable radio and left the room. Throughout the episode, Davis had been pointing the shotgun

at Porter but followed defendant when defendant left the room. As Davis and defendant left Porter's house, they snatched a television from the wall with sufficient force that the plug was broken off in the wall socket.

Porter's testimony was corroborated by a friend, Mrs. Cline, and by police officers to whom he had given a similar account of the robbery. Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Michael R. Greeson, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant assigns as error the denial of motions for nonsuit contending that there was insufficient evidence for the case to go to the jury.

[1] In considering a motion for judgment of nonsuit, the question before the court is whether there is reasonable basis upon which the jury might find that the offense charged has been committed and that the defendant is the perpetrator or one of the perpetrators of it. *State v. Price,* 280 N.C. 154, 184 S.E. 2d 866 (1971). "[T]he evidence must be considered in the light most favorable to the State, and the State must be given the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom." *State v. Murphy,* 280 N.C. 1, 7, 184 S.E. 2d 845 (1971); 2 Strong, N. C. Index 2d, Criminal Law, § 104, pp. 104-05. The evidence, taken in the light most favorable to the State, tends to show that on 10 October 1975, Porter was carrying a large sum of money on his person, that codefendant Davis knew that Porter had this money; that Davis had been unsuccessful in previous attempts to coerce Porter to hand the money over to him; that Davis came into Porter's house, pointed a shotgun at him and again demanded the money; that defendant then walked into the room, whereupon Davis instructed him to "Take everything; get everything"; that pursuant to these instructions, defendant pushed Porter back onto the bed, forcibly removed Porter's hand with which he protected the contents of his pocket, and took Porter's wallet and bankbook; that defendant also took a radio before leaving the room; that Davis kept the shotgun pointed at Porter throughout this entire episode; and that one

or both of the codefendants snatched Porter's television set from the wall with such force that the plug broke in the electrical socket.

Defendant argues that this evidence is not sufficient to show that he was a principal in the crime but shows instead that he was an unwilling participant who was coerced to act by Davis. We disagree. "All who are present at the place of a crime and are either aiding, abetting, *assisting,* or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty." (Emphasis supplied.) *State v. Swaney,* 277 N.C. 602, 613, 178 S.E. 2d 399 (1971). [Quoting from *State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655 (1967)]. While it is possible that defendant was forced to participate in the robbery of Porter, the State is entitled to the inference on a motion for nonsuit that defendant was acting as a principal in the crime. *State v. Murphy, supra.* We believe that this evidence was sufficient to take the case to the jury. Therefore, this assignment of error is overruled.

Defendant's second assignment of error relates to defendant's absence from the courtroom at two stages of the trial. The record reveals that the first day of the trial ended while one defendant was testifying. The court recessed until 9:30 a.m. the next day. At the opening of the next day's session, neither defendant was present. At 9:40 a.m., the court had both defendants called and then began to continue the trial in the absence of the defendants. However, after the court had informed the jury that the defendants had a right not to be present, the codefendant came into the courtroom and the trial proceeded in the absence of defendant. The second absence occurred while the judge charged the jury. The record shows that the defendant was asleep during the charge and that he was told by a deputy sheriff to go out and wash his face. Defendant left for a period of about three minutes before returning. Defendant now contends that the trial court erred in allowing the State to go forward with the case and continuing the charge to the jury in the absence of the defendant. We disagree.

[2, 3] In North Carolina, a criminal defendant charged with a capital offense cannot waive his right to be present at every stage of his trial. *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962). However, one accused of a noncapital felony or a misdemeanor may waive his right to be present during his trial, *State v. Cherry,* 154 N.C. 624, 70 S.E. 294 (1911), and in

these cases, defendant's voluntary and unexplained absence from court after his trial begins constitutes a waiver of his right to be present. *State v. Mulwee,* 27 N.C. App. 366, 219 S.E. 2d 304 (1975) ; *State v. Harris,* 27 N.C. App. 15, 217 S.E. 2d 729 (1975) ; *State v. Stockton,* 13 N.C. App. 287, 185 S.E. 2d 459 (1971). In *State v. Stockton, supra,* the defendant was being tried for a noncapital felony. After the first day of the trial, defendant failed to attend, and his counsel objected to the continuation of the trial in his absence. Noting that defense counsel did not offer any explanation for his client's absence, this Court stated that "After the trial had commenced, the burden was on the defendant to explain his absence." 13 N.C. App. at 291. In the present case, defendant has offered no explanation or justification for his absence at the beginning of the second day of his trial. Accordingly, we agree with the trial court's determination that defendant's absence constituted a voluntary waiver of his right to be present throughout his trial. As for defendant's exception to his brief absence during the charge, we note that defendant was asked to go outside to wash his face so that he would stay awake for the remainder of the charge. Defendant has shown no prejudice which has resulted from his temporary absence, and we find none. This assignment of error is overruled.

**[4]** As his final assignment of error, defendant contends that the trial court erred in refusing to submit the issue of common law robbery to the jury. Of course, common law robbery is a lesser included offense of armed robbery. *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971). However, the necessity for instructing the jury as to a lesser included offense arises only when there is evidence to support such a verdict. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971) ; *State v. Swaney, supra.* We have examined the record and hold that the evidence in this case tends to show that the armed robbery was committed by the defendant and Davis acting in concert and that there was no evidence of common law robbery. For that reason, the trial judge was not required to instruct the jury as to the lesser included offense.

**[5]** We note that although both defendants appealed, there were two records on appeal. This is in violation of Rule 11 (d), North Carolina Rules of Appellate Procedure, and counsel will

be taxed with the costs of printing the unnecessary record on appeal.

No error.

Judges HEDRICK and ARNOLD concur.