STATE OF NORTH CAROLINA v. REUBEN ISAAC COATS

No. 7912SC1199

(Filed 6 May 1980)

1. **Robbery § 5.4— robbery with dangerous weapon charged—evidence of common law robbery insufficient**

In a prosecution for robbery with a dangerous weapon, defendant's denial of his participation in the robbery and his denial that he saw a gun during the robbery did not constitute evidence sufficient to require the trial court to submit an issue of common law robbery to the jury.

2. **Criminal Law § 115— lesser included offense—instruction not required**

In the absence of a conflict in the evidence, the contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense.

3. **Criminal Law § 126— jurors assenting to verdict—court's inquiry sufficient**

There was no merit to defendant's contention that the record did not affirmatively show that each juror assented to the verdict announced by the foreman, since the record showed that the trial court, upon receiving an unresponsive answer to the question concerning the verdict, repeated the question and received a responsive and affirmative answer.

Judge WEBB dissenting.

APPEAL by defendant from *Brown, Judge*. Judgment entered 1 August 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 April 1980.

Defendant was charged in a bill of indictment with the 20 December 1978 robbery with a dangerous weapon of James Russell Smith. Upon his plea of not guilty he received a trial by jury.

In summary, the evidence for the State tended to show that on the date in question James Russell Smith entered a car with defendant, whom Smith knew casually, and three other men. Smith sat in the back with defendant on his left. Another man was on his right. The two remaining men were seated in the front. As they drove in a direction away from the closest town, one man in the front produced a gun and announced that Smith was being robbed. That man and the man on Smith's right then hit Smith. The defendant took Smith's wallet and watch. In addition, Smith's jacket, shoes and money which were kept separate

from the wallet were taken. Smith later led police to the scene of the robbery where Smith's shoes and torn shirt were found. After arrest defendant admitted having been in the car at the time of the robbery but denied that he had given any help to the robbers or to the victim.

Defendant testified that on the date in question he accepted a ride from some men. Smith joined them and as they rode along one man in the front, known to the defendant as "Hoot," told Smith he was being robbed and hit him. Defendant denied participating in the robbery. Additional evidence is discussed in the opinion.

The jury found the defendant guilty as charged and he was sentenced to serve an active term of imprisonment. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Macrae, Macrae, Perry & Pechmann, by Daniel T. Perry, III, for defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] In his first assignment of error defendant offers two arguments to support his contention that the trial court erred in refusing to submit the issue of common law robbery to the jury. Defendant first points to his own testimony when he was asked on direct examination, "Did you ever see any gun—did you see Hoot with any gun?" Defendant answered, "No, sir." Counsel asked, "You didn't see the gun?" Defendant answered, "It was dark in the car anyway." On cross-examination defendant was asked, "You say you never saw a gun?" He answered, "I didn't." The prosecutor then asked, "Were you seated in a position where you could see a gun?" The defendant explained, "It was dark in the car and it was dark in the area. I was in the back seat and I never saw no gun." Defendant contends that this evidence, if believed by the jury, tends to establish the commission of the lesser included crime of common law robbery. We do not agree.

> The essential difference between armed robbery and common law robbery is that the former is accomplished by the use or threatened use of a firearm or other dangerous

weapon whereby the life of a person is endangered or threatened. (Citations omitted.) In a prosecution for armed robbery the court is not required to submit the lesser included offense of common law robbery unless there is evidence of defendant's guilt of that crime. If the State's evidence shows an armed robbery as charged in the indictment and there is no conflicting evidence *relating to the elements* of the crime charged an instruction on common law robbery is not required. (Citations omitted.)

*State v. Lee*, 282 N.C. 566, 569-70, 193 S.E. 2d 705, 707 (1973). *See State v. Wilson*, 31 N.C. App. 323, 229 S.E. 2d 314 (1976).

We have examined the record and we hold that the testimony of the defendant is not inconsistent with the evidence offered by the State tending to show that the robbery was completed with a firearm. Defendant's denial of his participation in the robbery of Smith and his denial that he saw a gun during the robbery of Smith does not constitute evidence that defendant is guilty of common law robbery.

Defendant also argues that the evidence for the State would support an instruction on common law robbery on the theory that Smith's testimony is suspect due to evidence of his drinking, the poor lighting conditions and an allegedly incomplete description of the weapon.

[2] In the absence of a conflict in the evidence, the contention that the jury might accept the evidence in part and reject it in part is not sufficient to require an instruction on a lesser included offense. *State v. Gurkin*, 8 N.C. App. 304, 174 S.E. 2d 20 (1970). "It is the task of the jury alone to determine the weight and credibility of the evidence, and to determine the facts." 4 Strong's N.C. Index 3d, Criminal Law, § 103 (1976).

In summary, Smith's testimony indicates that he saw a barrel, handles, and cylinder of a silver-colored, heavy gun. This gun was pointed at Smith by one of the men in the front seat when Smith was told that he was being robbed and it was still present and visible when the defendant removed Smith's watch and wallet. The credibility of this evidence was properly a question for the jury. This assignment of error is overruled.

[3] Defendant next asserts that the record does not affirmatively establish that each juror assented to the verdict announced by the foreman.

When the verdict was returned, defendant requested that the jurors be polled. During that inquiry the following took place:

COURT: Mrs. Bailey, your foreman has returned a verdict of guilty as charged, was this your verdict?

MRS. BAILEY: We understood it acting in concert.

EXCEPTION. This constitutes

DEFENDANT'S EXCEPTION NO. 3

COURT: Was this your verdict?

MRS. BAILEY: Yes.

COURT: And do you still agree and assent thereto?

MRS. BAILEY: Yes.

EXCEPTION. This constitutes

DEFENDANT'S EXCEPTION NO. 4

Article I, Sec. 24 of the Constitution of North Carolina requires a unanimous verdict for a valid conviction for any crime. The trial court, upon receiving an unresponsive answer to the question concerning the verdict, repeated the question and received a responsive and affirmative answer. *See State v. Blackmon*, 28 N.C. App. 255, 220 S.E. 2d 850 (1976). We find no ambiguity in the announcement of the verdict and we hold that the defendant was convicted in the fashion provided for by the Constitution.

In defendant's trial we find

No error.

Judge HILL concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe there was sufficient evidence of common law robbery for this offense to have been submitted to the jury. The defendant testified that there was a robbery while he was in the automobile but he did not take part in it. He testified that he observed the robbery and it was accomplished by beating James Russell Smith with hands and fists. He testified he never saw a gun. I believe this is evidence which, when considered with the other evidence, is sufficient for the jury to find the defendant participated in the robbery and a weapon was not used. This would be sufficient to convict the defendant of common law robbery, and it was error not to submit this charge.