STATE OF NORTH CAROLINA v. ROBBIE ODELL HENRY

No. 8121SC1152

(Filed 4 May 1982)

1. **Robbery § 5.3— common law robbery—failure to instruct on lesser offenses proper**

    The trial court properly failed to submit the offenses of larceny from the person and misdemeanor larceny, lesser included offenses of common law robbery, where the evidence tended to show that a service station employee recognized the defendant as the same person who had robbed the same station one month earlier and that she was afraid of the defendant because he had used violence against her in the earlier robbery.

2. **Criminal Law § 101.2— failure to question jurors about a newspaper article about defendant**

    While it would have been the "better practice" for the trial court to have asked the jurors if they had read an article concerning defendant which was published the morning of the second day of their deliberation, reversible error is not presumed and no abuse of discretion was found.

APPEAL by defendant from *Seay, Judge.* Judgment entered 18 June 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 April 1982.

Defendant was indicted upon and found guilty of common law robbery. At trial, the State's evidence tended to show that on 21

October 1980, at approximately 8:00 p.m., defendant entered the Reelo Gas Station in Winston-Salem and asked for some cigarettes. The employee on duty at the station, Linda Holt Caudill, recognized defendant immediately as the man who had robbed her at the same Reelo station one month before. Mrs. Caudill told defendant that "he was the man that robbed me the first time, and he told me to shut up and give him the money that was in my register. And I was afraid he was going to touch me." Mrs. Caudill stepped back from the cash register; defendant took approximately $52.35, and ran. Mrs. Caudill testified, over objection, that she was afraid the defendant would hurt her because when he had robbed the station on 17 September 1980, she had protested about giving him the money, and he had pushed her around, threatened to "blow her brains out," and "acted like he was going to get something out of his pocket."

Defendant did not testify, but through witnesses presented alibi evidence, and evidence of changed appearance refuting Mrs. Caudill's identification testimony.

The jury returned a verdict of guilty of common law robbery. From judgment and an active sentence of 8-10 years imposed on the verdict, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*John J. Schramm, Jr., for defendant-appellant.*

WELLS, Judge.

Defendant brings forth two assignments of error on this appeal: the trial court's failure to submit to the jury possible verdicts of larceny from the person and misdemeanor larceny, and the trial court's refusal to question the jurors about a newspaper article about defendant which was published on the second day of the jury's deliberations. We find no error in defendant's trial.

[1] Citing *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976), defendant first contends that there was evidence from which a jury could have found defendant guilty of larceny from the person and misdemeanor larceny, and that the trial judge's failure to submit those offenses to the jury was error. First, we note that larceny from the person is a lesser included offense of common

law robbery, *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399 (1971), *cert. denied*, 402 U.S. 1006, 29 L.Ed. 2d 428, 91 S.Ct. 2199 (1971); *State v. Kirk*, 17 N.C. App. 68, 193 S.E. 2d 377 (1972), which differs from common law robbery in that it lacks the essential element that the victim be put in fear. G.S. 14-72. Similarly, misdemeanor larceny is a lesser included offense of felony larceny, which lacks the essential elements of larceny that the property have a value of over $400.00, or that the larceny was from the person. G.S. 14-72(a); G.S. 14-72(b)(1).

Essentially, defendant is arguing that the jury could have found that Mrs. Caudill was not put in fear during the robbery. However, the fact that a jury might accept the evidence in part and reject it in part is not sufficient to warrant inclusion of a lesser included offense. *State v. Coats*, 46 N.C. App. 615, 265 S.E. 2d 486 (1980). The proper test was enunciated in Justice Huskins' dissent in *State v. Poole*, 298 N.C. 254, 258 S.E. 2d 339 (1979), as follows:

> Submission of a lesser included offense when there is no evidence to support the milder verdict is not required when the indictment charges felony murder, arson, burglary, robbery, rape, larceny, felonious assault, or any other felony whatsoever. In all such cases if the evidence tends to show that the crime charged in the indictment was committed and there is no evidence tending to show commission of a crime of lesser degree, the court correctly refuses to charge on unsupported lesser degrees. The *presence* of evidence tending to show commission of a crime of lesser degree is the determinative factor. *State v. Fleming*, 296 N.C. 559, 251 S.E. 2d 430 (1979); *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971), and cases there cited; *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954).

In this case, Mrs. Caudill testified at some length to the fact that she was afraid of the defendant, because in the robbery one month earlier he used violence against her. This testimony was neither impeached nor rebutted by defendant, and thus there was no evidence from which a jury could find that Mrs. Caudill was not put in fear. We hold that the trial judge was not required to submit the offenses of larceny from the person and misdemeanor larceny to the jury, and overrule this assignment of error.

[2]  Defendant's second assignment of error concerns the trial judge's refusal, at defendant's request, to question the jurors about a newspaper article about defendant. The record on this point reads as follows:

> (The jury retired to the jury room to begin its delibera-tions at 4:29 p.m., June 16, 1981, and returned to the court-room with a question at 4:43 p.m., on the same day, June 16, 1981.)

> [MR. SCHRAMM: Let the record show that on June 16, prior to the jury — on June 17, rather, prior to the jury com-mencing its deliberation, counsel for the defendant approach-ed the Court in chambers and advised the Court that on June 17, in the WINSTON-SALEM JOURNAL/SENTINEL, on page 38, there appeared a statement, or a newspaper report, about the case, Mr. Henry's case, that was being considered by the jury, and that in that report it did recite that the defendant had three other cases, robbery cases, pending against him, and that counsel for the defendant advised the Court that he would like to have the Court question the jurors before they resumed deliberations as to whether they had read that, especially that part of the newspaper report that indicated that this defendant had three other cases pending against him. And the court advised counsel in chambers that he would not so question the jury.

> (Defendant again conferred with Mr. Schramm at defense table.)

> MR. SCHRAMM: The defendant would also like the record to show that the newspaper report also read in part as follows: "Another jury has already convicted Henry of rob-bing Mrs. Caudill at the station on September 17, and he has been sentenced to eight years in prison. He still faces trial on similar charges."]

It thus appears that the article was published in the morning of the second day of the jury's deliberations.

In considering this type of situation, our courts have held that the trial court exercises its discretion in determining whether or in what manner to question jurors about a newspaper article, and absent a showing of prejudice and abuse of discretion,

the trial court's decision does not constitute a basis for a new trial. *State v. Denny*, 294 N.C. 294, 240 S.E. 2d 437 (1977); *State v. McVay* and *State v. Simmons*, 279 N.C. 428, 183 S.E. 2d 652 (1971); *State v. Byrd*, 50 N.C. App. 736, 275 S.E. 2d 522 (1981), *disc. rev. denied*, 303 N.C. 316, 281 S.E. 2d 654 (1981). While it would have been the "better practice" for the trial court to have asked the jurors if they had read the article and had been influenced by it, *see McVay* and *Simmons*, supra, reversible error is not presumed. *Id.*, *Byrd*, supra. We find no abuse of discretion here, and over-rule this assignment of error.

Defendant's trial was fair and free from prejudicial error.

No error.

Judges WEBB and WHICHARD concur.