STATE v. RICHARDSON

[99 N.C. App. 496 (1990)]

STATE OF NORTH CAROLINA v. JIMMY ARNESS RICHARDSON

No. 896SC983

(Filed 17 July 1990)

### Constitutional Law § 66 (NCI3d) — right to be present at trial — absence for medical reasons — new trial

A defendant in a cocaine prosecution was denied his constitutional right to be present at his trial where defendant was present for jury selection but did not return the following morning; when the trial court determined to continue with defendant's trial in his absence, defendant's counsel attempted to explain defendant's medical problems as a possible reason for defendant's absence and objected to the decision to continue the trial; the trial court overruled the objection and the jury was empaneled; defense counsel asked for a delay when a friend of the defendant telephoned the clerk of court to notify the court of defendant's medical problems; the court again continued with the trial; defendant telephoned the clerk during the noon recess to report that he was seeking medical treatment at a hospital; and another motion for continuance after the lunch break was denied. There was no evidence before the court that defendant's absence was either voluntary or unexplained, defendant at no time gave any indication that he waived his right to be present at his trial, there was no evidence before the appellate court that defendant's absence was a voluntary and unexplained waiver, and there was prejudice in that defendant was to testify in his own defense but was not present to do so, was unable to assist his counsel in cross-examination of the State's witnesses, the jury was unable to observe his demeanor throughout the trial, and his counsel was potentially hampered in presenting a complete and thorough defense.

### Am Jur 2d, Criminal Law §§ 901-904, 908.

APPEAL by defendant from judgment entered 18 April 1989 by *Judge John R. Friday* in HALIFAX County Superior Court. Heard in the Court of Appeals 11 May 1990.

On 20 February 1989, the Halifax County Grand Jury indicted defendant for possession of more than one gram of cocaine; possession of cocaine with intent to sell or deliver; sale and delivery

STATE v. RICHARDSON

[99 N.C. App. 496 (1990)]

of cocaine at 3:15 p.m.; possession of cocaine with intent to sell or deliver; sale and delivery of cocaine at 6:10 p.m.; and maintaining a dwelling for the purpose of selling cocaine. All of the offenses allegedly occurred on 2 December 1988.

The case was tried before a jury at the 17 April 1989 criminal session in Superior Court, Halifax County. On 18 April 1989, the jury returned guilty verdicts on all counts submitted to the jury. Defendant received consecutive prison terms totaling 11 years, to be served concurrently with additional sentences.

From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith and Assistant Attorney General Doris J. Holton, for the State.*

*Robin E. Hudson for defendant-appellant.*

ORR, Judge.

Defendant argues two issues on appeal. For the reasons below, we reverse defendant's convictions and order a new trial.

Defendant first argues that the trial court denied defendant's constitutional right to be present at his trial. We agree.

The trial in this case began on 17 April 1989. Defendant was arraigned that morning, and the case was called for trial at 2:00 p.m. Defendant was not present when the case was called for trial but arrived within a few minutes. A jury was selected on this date and court adjourned until the following day at 9:30 a.m. On 18 April 1989, defendant did not return to court for his trial although his attorney, James Harris, was present and ready for trial. Mr. Harris informed the court at that time that he did not know where defendant was, but defendant had some medical problems and had been taking pain medication the day before for these problems. At 9:52 a.m., the trial court proceeded with the trial over Mr. Harris' objection.

Trial proceeded without defendant. At 10:10 a.m., the Clerk of the Court notified the trial court that a friend of defendant's telephoned and stated that he was taking defendant to the emergency room of the hospital to be treated for back problems. Mr. Harris requested a delay in the trial to confirm this information. The trial court denied this request on the basis that the information

received was "heresay [sic]." The court stated, "[t]he defendant had every opportunity to call you all night or call the Sheriff, the Clerk or any personnel and he didn't do that. And this morning 45 minutes after he was suppose [sic] to be here, here's a heresay [sic] statement so I really do not feel like I can grant that motion."

The trial court again proceeded with the State's evidence. At 2:03 p.m., Mr. Harris notified the court that the Clerk received another telephone call during the lunch recess in which defendant called her and informed her that he was at Halifax Memorial Hospital at that time waiting to be seen by a physician for a sciatic nerve problem. Mr. Harris acknowledged that defendant had not attempted to contact him to his knowledge.

The prosecutor then notified the court that he had police officers check defendant's situation earlier in the day, and that defendant reportedly had been seen in two different locations. The trial court issued an order for defendant's arrest for "playing tricks with the Court." Mr. Harris moved to continue the case, and this motion was denied.

At the close of the State's evidence, Mr. Harris stated that he would be unable to present evidence for defendant, because defendant was the only witness scheduled. The trial court gave the jury instructions. The jury retired for deliberations at 3:58 p.m. and returned in less than an hour. The jury found defendant guilty on all counts.

At 4:35 p.m., the court was notified that the Sheriff located defendant and brought him to court. Defendant was then present in court for the sentencing phase. Defendant brought with him information that he was treated that day (no time indicated) by a physician at Halifax Memorial Hospital for head injuries.

Defendant subsequently addressed the court concerning his absence from the trial and stated, "my cousin called this morning and we called all through the day trying to explain where I was. It wasn't that I wasn't trying . . . I was trying to get here but due to my physical condition I felt like it was best for me to go to a doctor . . . ." The trial court continued with sentencing and sentenced defendant to a total of 11 years in prison.

Article I, section 23 of the North Carolina Constitution states, "In all criminal prosecutions, every person charged with crime has the right to be informed of the accusation and to confront the

STATE v. RICHARDSON

[99 N.C. App. 496 (1990)]

accusers and witnesses with other testimony, . . . ." The Sixth Amendment to the United States Constitution provides a defendant with similar protection. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The United States Supreme Court has held on numerous occasions that the confrontation clause of the United States Constitution guarantees a criminal defendant the fundamental right to be present at all critical stages of the trial. *Rushen v. Spain*, 464 U.S. 114, 117, 104 S.Ct. 453, 455, 78 L.Ed.2d 267, 272 (1983). Our state constitutional right of confrontation under Article I, section 23, has been interpreted in a broader scope, guaranteeing the right of every criminal defendant to be present at *every stage* of his trial. *State v. Huff*, 325 N.C. 1, 29, 381 S.E.2d 635, 651 (1989) (citations omitted) (emphasis in the original).

A defendant in a capital case receives even greater protection under the state constitution. A capital defendant has the right to be present at each stage of his trial and may not waive this right. *Id.*

The right of a defendant in a non-capital case to be present at each and every stage of his trial is not absolute. It is a personal right, one which a defendant may waive. *State v. Hayes*, 291 N.C. 293, 296-97, 230 S.E.2d 146, 148 (1976) (citations omitted). A defendant may waive this right expressly or by failure to assert it in a timely fashion. *State v. Braswell*, 312 N.C. 553, 558, 324 S.E.2d 241, 246 (1985) (citation omitted). A defendant's voluntary and unexplained absence from court after his trial begins may be considered a waiver of his right to be present. *State v. Wilson*, 31 N.C. App. 323, 327, 229 S.E.2d 314, 317 (1976).

In the case *sub judice*, there is no question that defendant was present when his trial began and the jury selected on 17 April 1989. When the trial court reconvened on 18 April 1989, it stated:

Let the record show that it is now 9:37 [a.m.]. The defendant has not appeared this morning; that he was present in Court yesterday, and after the entire selection of the jury, he was informed by the Court to be back at 9:30 this morning. He is not present at this time and the Court is continuing this matter for a few minutes in order to give Counsel an opportunity to locate him. If he does not appear, we're going to continue with the trial. The Court cites these cases as on defendant

not showing up: 266 N.C. 606, 13 N.C. App. 287, 275 N.C. 198, 31 N.C. App. 326, 291 N.C. 296.

Defendant did not show up in court until after the jury returned a guilty verdict, although defendant and at least one other person contacted the Clerk of Court during the trial to explain defendant's absence.

The State contends that defendant's absence was a voluntary and unexplained absence from court, and defendant thereby waived his right to be present at trial. We disagree.

When the trial court determined to continue with defendant's trial in his absence, Mr. Harris attempted to explain defendant's medical problems as a possible reason for defendant's absence and objected to the court's decision to continue with trial. The trial court overruled the objection, and the jury was empaneled at 9:52 a.m.

Mr. Harris asked for a delay in the trial at 10:10 a.m., when a friend of the defendant telephoned the Clerk to notify the court of defendant's medical problems. Again, the trial court continued with the trial.

During the noon recess, defendant telephoned the Clerk to report that he was seeking medical treatment at a hospital. After the lunch break, Mr. Harris moved for a continuance due to defendant's absence. The court denied the motion.

Granting or denying a motion to continue is within the sound discretion of the trial court, and his decision will not be disturbed on appeal absent an abuse of discretion or a showing that the defendant did not receive a fair trial. *State v. Ferebee*, 266 N.C. 606, 609, 146 S.E.2d 666, 668 (1966) (citations omitted). Denial of a motion to continue when the motion raises a constitutional question may be grounds for a new trial only when defendant shows that the denial was erroneous and that his case was prejudiced thereby. *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982) (citation omitted).

Keeping these principles and the evidence in mind, we now turn to whether the trial court abused its discretion or defendant was denied a fair trial. On the evidence before this Court, we find that the trial court erred in denying defendant's motion to continue and that defendant's case was prejudiced thereby.

First, there was no evidence before the trial court that defendant's absence from court on 18 April 1989 was either voluntary or unexplained. Although defendant made no attempt to contact his attorney concerning his absence, by 10:10 a.m. defendant's friend (or cousin; the record is unclear) telephoned the Clerk to notify the court of defendant's absence due to medical problems. The Clerk received another message of the same kind during the lunch recess from the defendant himself. There is nothing in the record to reflect that the trial court determined that this was a voluntary or unexplained absence from trial. In all of the pertinent cases cited above by the trial court as authority for continuing the trial, the trial courts in those cases concluded in the records that the defendant's absence was voluntary or unexplained. For example, in *State v. Wilson*, 31 N.C. App. 323, 229 S.E.2d 314 (1976), the defendant failed to attend the second day of his trial, and his attorney moved for a continuance. The trial court noted that the attorney offered no explanation for the defendant's absence and made proper conclusions that the defendant's absence "constituted a voluntary waiver of his right to be present throughout his trial." *Id.* at 327, 229 S.E.2d at 317. Here, the trial court made no such determination, either before or after it was notified that defendant might be receiving medical treatment.

Second, defendant was present for the sentencing phase of his trial, and produced some evidence of receiving medical treatment on 18 April 1989 for a head injury. At no time did defendant give any indication at all that he waived his right to be present at his trial. In fact, his two attempts to contact the Clerk of the Court may be considered evidence to the contrary.

There is no evidence before us that defendant's absence from court during his trial was a voluntary and unexplained waiver as required by *Wilson* and the cases cited therein. Therefore, we hold that the trial court erred in denying defendant's motion to continue. At the very least, the trial court could have permitted a continuance or recess for such length of time to determine if defendant was, in fact, receiving medical treatment.

Moreover, we hold that defendant has shown that his case was prejudiced by this error. The evidence indicates that defendant was to testify in his own defense. He was not present to do so. Because of defendant's absence, he was unable to assist his counsel in cross-examination of the State's witnesses, the jury was unable

to observe his demeanor throughout the trial and his counsel was potentially hampered in presenting a complete and thorough defense. We find sufficient prejudice in this case to order a new trial.

We take note of the State's argument that permitting unexplained absences of a defendant from criminal trials may compromise the dignity of the trial court, hamper the administration of justice and encourage guilty parties to escape. *See State v. Cherry,* 154 N.C. 624, 70 S.E. 294 (1911). We agree with this argument; however, that is not the situation in the case at bar.

Here, the evidence indicates that defendant's absence from his trial on 18 April 1989 may have been legitimate. The trial court did not determine whether or not this absence was legitimate after being notified that defendant was absent due to a medical condition. Determining the legitimacy of defendant's excuse should not have resulted in a lengthy delay of trial. In this case, the trial court should have made such determination before proceeding with trial in order to protect defendant's right to be present at his trial, absent an express waiver or a voluntary *and unexplained* absence from court. In addition, we note that a trial judge is vested with adequate means to assure a defendant's presence for trial if necessary.

Because we order a new trial in this case, it is not necessary to reach defendant's remaining assignment of error.

New trial.

Judges GREENE and LEWIS concur.